Town of Grand River, Appellant, v. Jacob Switzer, Appellee.

**Exchange of lands:** RESCISSION: FRAUD: PLEADINGS. The allegation in a petition to rescind an exchange of lands, that at the time of the exchange defendants land had been sold for taxes, to

his knowledge, and that he concealed the fact from plaintiff, does not charge a fraud authorizing relief.

**Same:** RES ADJUDICATA. The decree in a former action between the parties respecting their contract for an exchange of certain lands directing plaintiff to convey his land according to contract, upon conveyance by the defendant and the payment of an additional sum, is conclusive against a subsequent suit by plaintiff to rescind the executed contract, on the ground of defendants alleged fraud in concealing the fact that at the time of the exchange defendants land had been sold for taxes; as that question could have been litigated in the prior suit, the tax sale proceedings having been a matter of record and. plaintiff not having alleged that he was prevented from discovering the facts by any act of defendant.

**Same:** LACHES. Although plaintiff otherwise may have been entitled to rescind, still, knowing of the tax sale in time his failure to redeem or offer to rescind prior to the issuance of a tax deed precluded his right to do so thereafter.

**Pleading:** IMMATERIAL MATTER. The immaterial matters pleaded by way of an amendment should be stricken on motion.

*Appeal from Decatur District Court.*—HON. H. K. EVANS, Judge.

FRIDAY, JUNE 4, 1909.

ACTION in equity to rescind an executed contract of exchange of real estate and to set aside a deed. The trial court sustained a demurrer to the petition. The plaintiff standing upon its pleading, judgment was entered for the defendant, and plaintiff appeals.—*Affirmed.*

*A. P. Olsen* and *V. R. McGinnis,* for appellant.

*John W. Harvey & Son,* for appellee.

EVANS, C. J.—Plaintiff filed its petition in equity in two counts. In the first count it alleges, in substance, that in May, 1903, the plaintiff and defendant entered into a

certain contract of exchange of real estate, whereby the plaintiff agreed to convey to the defendant a certain lot sixteen, and the defendant agreed to cause to be conveyed to the plaintiff certain lot twenty-two. The legal title to the latter lot was in one Ramsay, but the ownership thereof was in the defendant. In pursuance of such contract, Ramsay conveyed said lot twenty-two to the plaintiff town, and in consideration therefor the defendant received a deed for said lot sixteen. The petition avers, also: That at the time of such conveyance said lot twenty-two had already been sold for taxes, and a tax sale certificate issued therefor; that in pursuance of such tax sale a tax deed was issued to the purchaser some years later. The petition avers, also, that the defendant knew of such tax sale, and that he concealed the fact from the plaintiff. Upon this latter allegation the plaintiff bases a charge of fraud.

In the second count of the petition the plaintiff avers that afterwards, in November, 1903; certain litigation was had between plaintiff and defendant in relation to such transaction which resulted in a decree of the district court of Decatur County, Iowa, entered on November 20, 1903, whereby the plaintiff herein was ordered to convey to the defendant herein said lot sixteen in pursuance of such contract, upon payment by the defendant herein of an additional sum of $80. This sum was paid by the defendant, and a deed was issued to him in pursuance of the order of the court. For the purpose of avoiding this adjudication, the petition in the case at bar avers in its second count that the decree was obtained by fraud, in this, that the court rendering the same was not informed that lot twenty-two had been sold for taxes, but that it was made to appear to the court that the plaintiff town held the title to said lot twenty-two by good and sufficient warranty deed from Ramsay, as the same purported on its face to be. The petition prays for a rescission of the con-

tract and tenders a quitclaim deed of lot twenty-two. The petition was filed December 20, 1906. The treasurer's deed referred to was issued March 20, 1906, and notice of expiration was served upon the mayor of plaintiff town ninety days before such date, according to the recitals of the treasurer's deed. There was a demurrer to the petition, and this was sustained. The plaintiff stood upon its pleading, and judgment was entered for the defendant for costs.

It is plain that count one of the petition charged no facts which would entitle the plaintiff to the rescission of an executed contract at this late date. Although it charged fraud in terms, the facts alleged were not sufficient of themselves to constitute fraud; and, if sufficient facts were pleaded to constitute fraud, the decree pleaded in the second count would be a complete defense to the first count.

The facts pleaded in the second count fall far short in their sufficiency to avoid the decree therein attacked. Plaintiff has pleaded nothing in this case which it could not have pleaded in the former case. It can not now relitigate the questions which could have been litigated then. The fact of the tax sale and outstanding certificate was patent upon the face of the records at that time. The plaintiff's petition does not allege that it was prevented from discovery by any act or artifice on the part of the defendant. It may be said, further, that the plaintiff is not equitable in its offer of rescission. It did not offer to rescind until its title had been fully extinguished by the tax deed. If its case were perfect in every other respect, this alone would defeat it. When it learned of the tax sale certificate, it should have tendered a rescission at once, or else made redemption. It did neither. The petition does not allege whether the amount necessary to redeem was great or small, nor does it allege the insolvency either of the defendant or of Ramsay. It does not

even tender back the $80 which was paid by the defendant in pursuance of the decree of the court in the former litigation.

The demurrer was therefore properly sustained. Pending the demurrer the plaintiff filed an amendment to both counts of its petition, parts of which were stricken upon motion. The portions of the amendment so stricken added no material allegation to plaintiff's petition, and this ruling of the court was also proper.

The judgment below is therefore *affirmed*.