EPLEY v. ELY ET AL.

1. **Pleading:** PETITION HELD BAD ON DEMURRER: AMENDED PETITION, SUBSTANTIALLY THE SAME AS THE ORIGINAL, STRICKEN FROM FILES. Where a petition was held bad on demurrer, and plaintiff filed an amended petition not differing in substance from the one so held bad, but differing somewhat in its phraseology, which was constructed for the purpose of making an apparent rather than a real difference in the facts relied upon by plaintiff, the amended petition was properly stricken from the files.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 17.

THE plaintiff appeals from an order sustaining a motion filed by the defendants to strike out a second amended petition filed by the plaintiff.

*Frank G. Clark* and *Wm. G. Thompson,* for appellant.

*Mills & Keeler,* for appellees.

ADAMS, J.—The defendants had demurred to the plaintiff's first amended petition, and the demurrer had been sustained. The motion to strike out the second amended petition is based upon the ground that it does not differ in any essential respect from the first amended petition, which the court had held, on demurrer, to be bad. It is not allowable, of course, after a pleading has been held, upon demurrer, to be bad, to file another which does not differ in substance, but in phraseology only. On this point we do not suppose that there is any serious controversy. The difficulty, if any, arises upon the determination of the question as to whether the second amended petition is substantially the same as the first.

The action was brought to recover damages for an alleged breach of a contract. The defendants had leased to the plaintiff, Amanda E. Epley, a portion of a lot in the city of Cedar Rapids for the period of twenty years. Afterwards the defendants entered into a written agreement with the plaintiff by which she was allowed the option to purchase the premises. The agreement is in these words: "In consideration of the lease made this day by and between Mary A. Ely and John F. Ely, first party, and Amanda Epley, second party, in which is demised the following real estate, [here follows description,] the first party agrees that if the first party shall desire to sell the premises, and shall have an offer and opportunity to do so, then the second party shall have the first opportu-

nity to purchase the premises at the price and on the terms on which the first party might or could have sold the same to any other party." After the execution of this contract the defendants sold and conveyed the premises to one Henrietta Dows, and did not, as the plaintiff alleges, give her an opportunity to purchase at the same price, as by the agreement the defendants were bound to do. She avers that she was damaged in the sum of $1,000, which is the difference between the value of the property and the price at which it was sold. The plaintiff did not aver that the execution of the agreement was a part of the same transaction in which the lease was executed, so that the agreement should appear to be sustained by the consideration of the rents reserved in the lease. On the contrary, she averred that it was executed several days later than the lease, and later than the date which it bore, and was sustained by a distinct consideration, to-wit: an agreement on the plaintiff's part to make certain specified improvements.

To the amended petition, averring as above set out, the defendants demurred, upon the ground, in substance, that the plaintiff set out a contract in writing as the basis of her recovery, and sought to vary the same by showing that the real contract as made by parol was different in a material respect. Afterwards, the court having sustained the demurrer, the plaintiff filed a second amended petition, in which it was shown distinctly, as before, that the agreement and lease were not part of the same transaction, but it was not distinctly averred that the consideration of the defendants' agreement was the plaintiff's agreement to erect the specified improvements. Still, it is averred that the defendants' agreements and the plaintiff's promise to erect the improvements were made at the same time. In looking at this pleading, we cannot avoid the impression that the omission of a distinct averment in regard to the consideration of the defendants' agreement was made merely to avoid the effect of a demurrer, without any intent to disclaim upon the trial

that the consideration of the agreement was what the plaint-iff had previously averred that it was, to-wit, the plaintiff's promise to erect the improvements. The averment that the agreement and promise were made at the same time indicates that the pleader intended to be understood that they were parts of the same transaction, and so that one was the con-sideration of the other. The actual difficulties which invest a pleader's case are not properly to be avoided by indefinite-ness and confusion in pleading, which shall enable the pleader to claim one construction for one purpose, and another con-struction for another purpose. Believing that the plaintiff intended to claim for her second amended petition if neces-sary, that it showed that her promise to erect the improve-ments was the consideration of the agreement, we have to say that her second amended petition appears to be substantially the same as the first, which was held bad on demurrer. If the court erred in sustaining the demurrer, the plaintiff should have reserved an exception and sought to review the ruling by appeal thereon. The motion to strike out the sec-ond amended petition we think was properly sustained.

AFFIRMED.