ROBERT McKEE, Appellant, v. ILLINOIS CENTRAL RAILWAY
COMPANY, Appellee.

**Pleading Over:** WAIVER. Where a party pleads over after a de-
murrer has been sustained he waives any error in the ruling
on the demurrer.

**Practice;** REVIEW ON APPEAL. Where an amended and substituted
petition is stricken from the files for the reason that it
amounts simply to a refiling of the original, the merits of the
cause of action stated therein will not be reviewed on appeal.

**Striking Amendment.** Where an amended and substituted
petition is filed after a demurrer to the original petition has
been sustained, which contains substantially the same aver-
ments, there is no error in striking the same from the files.

*Appeal from Dubuque District Court.*—Hon. Fred O'Don-
nell, Judge.

## Monday, October 26, 1903.

The action is one to recover for an alleged personal
injury, and for damage to property.  To the original
petition filed by plaintiff a demurrer was interposed, the
grounds thereof being, in effect, that the facts alleged do
not state a case of actionable negligence.  Upon hearing,
such demurrer was sustained.  Plaintiff took leave to
amend, and thereafter filed successively three amended
and substituted petitions.  Each of these in turn was
stricken from the files on motion of defendant, the reason
therefor in each instance being that the averments
did not differ in legal effect from the averments of the or-
iginal petition.  Following the ruling upon the third and
last motion, the plaintiff elected to stand on his petition,
and, refusing to plead further, judgment was rendered
against him for costs.  From this judgment, plaintiff ap-
peals.—*Affirmed.*

*Welch & Welch, Mathews & Frantzen* and *A. A. House*
for appellant.

*W. J. Knight* for appellee.

Bishop, C. J.—The single error assigned is that "the
court erred in sustaining defendant's motion to strike from
the files the plaintiff's third amended and substituted

1. PLEADING
over: waiver.

petition, and in rendering judgment against
plaintiff for costs."  The ruling upon the
demurrer, not having been appealed from, was determin-
ative of the sufficiency of all matters stated in the petition,
and as such became conclusive upon the plaintiff.  Stating
the proposition another way:  Having taken leave to plead.
over, and having filed an amended and substituted petition,

plaintiff must be held to have waived the error, if any there were, in the ruling. This is well-settled doctrine. See *Duncan v. Hobart*, 8 Iowa, 337; *Bixby v. Blair*, 56 Iowa, 416; *Brown v. McMahon*, 80 Iowa, 191.

The same doctrine has application to the rulings upon the motions addressed to the first and second amended and substituted petitions. By filing a later pleading, in-

2. PRACTICE: merits of cause of action: review on appeal.

tended to wholly supplant the pleading stricken out, plaintiff, in effect, acquiesced in the ruling upon the motion. It follows that the record brings to us but one question, does the third amended and substituted petition present a case differing, in substance and legal effect, from that stated in the original petition? Indeed, in making assignment of error, appellant recognizes such to be the situation, for he complains of nothing save the ruling upon the motion addressed to the petition last filed by him. The argument of counsel, however, is devoted to the merits of the cause of action as alleged, and it is said that the amended petition should not have been stricken, for that in point of law and fact, a cause of action was stated therein. It is manifest that we cannot enter upon consideration of the question thus sought to be presented. No such question is involved in the ruling of the court below. The court determined simply that the filing of the amended petition amounted to nothing more, in legal effect, than a refiling of the original petition. This involved no consideration of the merits of the cause of action alleged. The court had already passed judgment on that question by its ruling upon the demurrer. We proceed, therefore, to a determination of the question in reality presented by the assignment of error.

The original petition is in two counts. The material allegations of the first count are as follows: That at a point on the public highway about one mile west of Epworth defendant's railway crosses said highway, and at

the west side of the highway, where the same is crossed by the railway, defendant kept and maintained an unsafe, insecure, and improperly constructed cattle guard, contrary to the statute in such cases made and provided; that such cattle guard was insecure, unsafe and improperly constructed, in this: that the timbers or ties were placed so close together, and the pit underneath the same was so shallow, that it would not prevent travelers with teams or horses from passing over the same, and that defendant carelessly and negligently failed and omitted to place any light or station a watchman at said point to prevent travelers from driving over such cattle guard; that in the night time of said day, it being very dark, plaintiff was traveling along said highway, in a cart drawn by one horse, and had reached said point where the highway was crossed by the railway, and while no light or watchman was placed at said point to keep and prevent travelers from driving on and over the cattle guard into a place of danger from defendant's trains, and without fault or negligence on plaintiff's part, the horse of plaintiff passed over the cattle guard, and onto said railway track, and defendant, by the use of ordinary care, might have known and discovered that plaintiff was in a position of danger, and prevented any injury to him, and said defendant then and there carelessly and negligently caused a train of cars to approach and pass over said crossing at a very high rate of speed, and carelessly and recklessly failed and omitted to slacken speed or to give warning by ringing a bell or blowing a whistle, by reason of which plaintiff was unaware of the approach of said train, and in consequence thereof the said train of cars, while plaintiff was in the exercise of all due diligence and care and without negligence on his part, was run against and upon the horse of plaintiff, overturning plaintiff's cart, and throwing plaintiff with great force to and upon the ground, etc.    In the second count the substance of the

*3. STRIKING amendment.*

allegations of the first count are repeated, and thereto are added allegations as follows: That the said cattle guard was out of repair; that the railway at said point intersects and crosses the said highway so obliquely that travelers with teams or horses, in the nighttime, are in danger of driving on and over the said dangerous and improperly constructed cattle guard, and into a position of danger from the defendant's trains; that plaintiff's horse then and there took fright and became unmanageable; that the said defendant carelessly and negligently allowed the said cattle guard to become filled with sand, cinders, and gravel so that it would not prevent teams or horses from passing over the same.

Turning now to the amended and substituted petition, and we find therein a repetition simply of the allegations of the original petition, save that an allegation is added as follows: "That, the night being dark, the horse which plaintiff was driving, without knowledge on his part, went astray, and wandered over said defective cattle guard, upon and along said railway track of the defendant." We think it manifest that the substantial averments of the two pleadings are the same. The effect of each is to say that without intention on the part of plaintiff his horse left the highway, and went over the cattle guard upon the railway track. This being true, the motion of defendant to strike was well taken, and was properly sustained. *Town of Waukon v. Strouse*, 74 Iowa, 548.—AFFIRMED.