ANNA SIMMONS et al., Appellants, v. WESTERN LIFE INDEMNITY COMPANY, Appellee.

**APPEAL AND ERROR:** Exception to Ruling—Basis for Appeal. 1 No exception reserved, no appeal.

PRINCIPLE APPLIED: Plaintiff (1) filed his petition, (2) suffered an adverse ruling on demurrer, (3) reserved no exception, (4) amended over, (5) suffered a second adverse ruling on demurrer, (6) again failed to reserve any exception, (7) again pleaded over by filing an amended and substituted petition, which (8) was stricken from the record, (9) for the third time failed to reserve any exception, (10) filed another amended and substituted petition which (11) simply restated in new phraseology the matters theretofore pleaded, and which latter pleading (12) was stricken from the record on motion. An exception was reserved to the last ruling and to the entry of judgment. *Held,* the pleader had succeeded in making a record from which no appeal would lie.

**PLEADING:** Discredited Pleading Under New Phraseology—Effect. 2 Dressing up an old, discredited and successfully assailed pleading in new phraseology and refiling it cannot have the effect of giving to such pleading any new or added standing.

PRINCIPLE APPLIED: (See under No. 1.)

**LIMITATION OF ACTIONS:** Fraud—Knowledge—Ordinary Diligence 3 gence Required—Insurance Policy. An action for relief on the ground of fraud is barred after the lapse of five years (Sec. 3447, Par. 6, Code Sup., 1913) from the time the fraud was (a) actually discovered or (b) ought to have been discovered by the exercise of ordinary diligence.

PRINCIPLE APPLIED: A life insurance policy holder was induced to surrender his policy and to accept a new form of policy in lieu thereof. The policy holder retained the new policy *in his possession,* and maintained his membership, for over

five years, and up to the time of his death. Over two years after his death, his beneficiaries sought to have the old policy reinstated and to recover thereon, on the ground that the new policy was much more favorable to the insurer and much less favorable to the beneficiaries than the old policy, and that the surrender of the old policy was secured through the fraud of the insurer. *Held*, the policy holder would be presumed to have known, during all the intervening years, of the terms of the new policy, and that the action was barred.

*Appeal from Cass District Court.*—HON. E. B. WOODRUFF, Judge.

WEDNESDAY, SEPTEMBER 29, 1915.

ACTION in equity to reinstate a certificate of life insurance alleged to have been surrendered or exchanged, and to recover the amount of indemnity therein provided for. A demurrer to the original petition having been sustained, and an amended and substituted petition having been stricken from the files, the plaintiffs appeal.—*Affirmed.*

*Wm. L. Barnum, Jr.,* and *C. R. Clovis,* for appellants.

*Thomas J. Graydon, E. H. Crocker, Thomas B. Swan, Tourtellot & Donnelly,* and *Barnes & Chamberlain,* for appellee.

WEAVER, J.—The force and effect of the rulings of which appellants complain will be more readily understood if we preface their discussion with the statement of certain facts alleged in the pleadings and conceded in the argument. In the year 1886, Johnson H. Needles became a member of the defendant life insurance association, receiving a certificate of membership by the terms of which, in the event of his death while still in good standing in the association, certain benefits were to be paid to his beneficiaries. In the year 1903, the association, for reasons not necessary now to discuss, adopted the plan of taking up the outstanding certificates of membership and issuing others in lieu thereof, so far at least as the

assent of the individual members to such exchange or substitution could be procured. Needles, after correspondence with the defendant, delivered up his original certificate and received a new one in its stead, retaining the same until he died, on January 25, 1908. The plaintiffs herein are the children and grandchildren of Needles and are the beneficiaries of the insurance, if any is recoverable. In this action, which was begun March 21, 1910, they make no claim of right to recover upon the new or substituted certificate, but base their demand entirely upon the one originally issued. In support of this demand, they allege that the indemnity provided for by the new certificate was much less valuable than that which was assured to the beneficiaries by the old certificate, and that Needles was deceived and misled with reference thereto by the fraud and misrepresentations of the association, its officers and agents; and because of such deception they pray a decree holding the substituted certificate for naught and establishing their right to a recovery upon the original certificate, and that they have judgment accordingly. To this petition, the defendant demurred on the grounds: (1) that a defect of parties appears in the failure to make the administrator of a deceased heir of Needles either plaintiff or defendant; (2) that the facts stated do not entitle plaintiff to the relief demanded; and (3) that the facts stated show that the alleged cause of action is barred by the statute of limitations, and is also barred by the time limitation of six months stipulated for in the contract of insurance. On October 7, 1911, the demurrer was sustained generally. On November 8, 1911, plaintiffs filed an amendment to their petition, bringing in new parties, restating their allegations of fraud and misrepresentation by the defendant in procuring the exchange of certificates, and alleging that knowledge of the fraud was not obtained by plaintiffs until November 1, 1909. They further allege, in substance, that, by the acts of the defendant with reference to the exchange in policies in the year 1903, said association repudiated its obligation upon

said contract of insurance, and that such repudiation and abandonment of its contract did not become known to Needles or his beneficiaries, "except partially," until December 12, 1905. Upon the filing of this amendment, defendant moved for a more specific statement of the facts as to the alleged fraud and the persons by whom the false representations were made. This motion having been sustained, plaintiffs, on November 28, 1911, again amended their petition. To the amended petition, defendant again demurred on the grounds: (1) that the right of action, if any, is in favor of the administrator of Needles' estate; (2) that the facts stated do not entitle plaintiffs to the relief demanded; and (3) that the right of action is barred both by the statute of limitations and by the limitation provided for in the contract. On May 6, 1912, this demurrer was also sustained generally. On July 25, 1912, plaintiffs once more filed an amended and substituted petition, alleging substantially as before, but with somewhat greater particularity, the issuance of the original certificate and the fraud and deception by which Needles was induced to surrender the same and accept the substituted certificate. The defendant thereupon moved to strike the last amended and substituted petition because (1) it was filed without leave of court; (2) plaintiffs had already filed their petition followed by numerous amendments and substitutes to which demurrers had been sustained, and to permit further amendment and substitution would be an abuse of discretion; (3) the pleading so filed is sham and frivolous; and (4) upon the ruling of the court sustaining the demurrer to the prior substituted petition, plaintiffs' counsel had announced their purpose to stand upon their pleading and their refusal to further amend the same, and for that reason, the right to make further amendment could only be exercised by leave of court. Subject to the motion to strike, defendant further moved for more specific statement of the plaintiffs' allegations of fraud. On February 10, 1913, the court sustained the motion to strike. On December 29, 1913, the plaintiff

once more filed an amended and substituted petition which
they describe as being "in lieu of all other pleadings." The
pleading so filed is a restatement of the various allegations
made in the prior petitions, amendments and substitutes.
Defendant at once returned to the attack with a motion to
strike the pleading last mentioned because (1) it was filed
without leave; and (2) it was a mere repetition of the allega-
tions of the pleadings against which demurrers and motions
to strike had already been sustained, and to permit this
amendment or substitute to stand would be an abuse of dis-
cretion. On February 12, 1914, the trial court sustained the
motion to strike, with leave to plaintiffs to amend within
thirty days. To this ruling, the plaintiffs excepted and elected
to stand upon the record as made. Judgment was thereupon
entered against plaintiffs for costs.

It will be seen that when the final ruling was made the
action had been pending for some four years, during all of
which time plaintiffs had been engaged in a more or less con-
stant effort to state a case which would suc-
cessfully pass the test of demurrer and
motion to strike. The appeal as stated in the
appellants' abstract is from "both orders sus-
taining demurrers, from orders on motions to strike and from
judgment." It appears, however, from the amended abstract,
upon which no issue has been taken, that no exception was
preserved to any of the rulings so mentioned, except the final
ruling striking the last amended and substituted petition, and
to the entry of judgment; and it further appears that each
ruling, except that upon the last motion to strike and the
entry of judgment, was acquiesced in by the plaintiffs, who,
in each instance, proceeded to plead further by way of
amendments and substitutes. The net effect of the record, as
we have outlined it, is that the one material question for our
consideration is upon the ruling by which plaintiffs' last
amended and substituted petition was stricken from the files.
Without taking time to discuss other phases of this question,

1. APPEAL AND
ERROR: excep-
tion to ruling:
basis for
appeal.

it is sufficient now to say that, if the prior rulings sustaining demurrers and motions to strike were correct, or if plaintiffs had acquiesced therein by failure to except and by pleading over, then such rulings, until recalled or set aside by the court, became the law of the case; and there was no error in striking a substituted pleading which did no more than replead the very same matter which had already been held insufficient to sustain an action. That such is the case presented by this record is, we think, very clear.

We cannot properly prolong this opinion to recapitulate the allegations of the several pleadings, amendments and substitutes. They are exceedingly prolix and their more particular rehearsal at this time would be of no material aid to an understanding of the merits of the appeal. It is enough to say that we have with care compared the allegations of the last substituted petition with the pleadings which it was intended to supersede and find no material difference between them. So far at least as concerns the question whether there is any sufficient allegation of fraud on the part of the defendant and whether right of action thereon is not barred by the statute of limitations, the pleading stricken contains no new or additional statement of material facts of any kind. For this reason, if for no other, the ruling is correct.

It is true, as contended by appellants, that the party against whom a demurrer has been sustained may, as a matter of right, amend or substitute his pleading without formal leave therefor, provided the amendment or substitute is so drawn as to avoid the grounds of demurrer which have been sustained by the court. But it is not proper for him to simply rewrite in form or substance the matter of the pleading which has been successfully assailed, and refile it. Labelling such a pleading as an "amendment" or "substitute" will not give it standing, and it will be stricken upon motion of the opposing party. *Epley v. Ely,* 68 Iowa 70;

2. Pleading: discredited pleading under new phraseology: effect.

*Waukon v. Strouse,* 74 Iowa 548; *Grand River v. Switzer,* 143 Iowa 9.

The striking of the last pleading left the case standing as if such pleading had never been filed. *Bank v. Colton,* 143 Iowa 359. In other words, the case then stood with demurrer to the original petition sustained, demurrer to amended petition sustained, and the first amendment and substituted petition stricken from the files, with no exceptions preserved to any of these rulings. It is obvious that upon such record, an appeal cannot be sustained.

II. Even if this point be waived and we should treat the merits of the plaintiffs' pleading as being properly presented in this court, we should still be constrained to hold that the demurrer thereto was properly sustained, because the facts pleaded show beyond doubt that the alleged right of action is barred by the statute of limitations. It is disclosed by the plaintiffs' own allegations that the negotiations between the association and Needles were closed and the exchange of certificates completed in January, 1903, and that Needles, with the certificate in his possession, retained it without objection during the remainder of his life, a period of more than five years, and this action by his heirs and beneficiaries was not begun for more than two years after his death. The essence of the plaintiffs' charge of fraud is that, by false representations and deceit on the part of defendant, Needles was induced to accept a new certificate which relieved the insurer from certain liabilities and obligations provided for in the first one and made the indemnity and benefits so provided for distinctly less valuable to those entitled to receive them. If this be true, the difference between the certificates must have been instantly discoverable upon a reading of the paper which Needles received in the exchange. There is no allegation, nor could it well be made, that he never read the certificate or that he did not know exactly what the new contract provided. The pre-

3. LIMITATION OF ACTIONS: fraud: knowledge: ordinary diligence required: insurance policy.

sumption is that he did know and if, after holding the certificate in his own hands and maintaining his membership with reference to such contract for more than five years, he had in his lifetime brought an action to set aside the transaction and restore his original certificate, simply because he then discovered or claimed to discover that the stipulations of the new one were less favorable to his beneficiaries than the former, the court would not permit him to escape the effect of the statute of limitations by saying he had not read and did not know the terms of the instrument or did not understand the meaning or import of its unambiguous language. And if *he* could not have maintained the action in his lifetime, then assuredly the plaintiffs, who acquired no interest in the insurance until his death, stand in no better position. There is no allegation that any trick or fraudulent device was employed by the defendant to prevent Needles from reading or becoming acquainted with the provisions in the certificate which he had accepted. The statute begins to run not merely from the actual discovery of the alleged fraud, but from the time when it might have been discovered by the use of the ordinary diligence and attention which the average man employs in the care and conduct of his business affairs. *Humphreys v. Mattoon,* 43 Iowa 556; *Nash v. Stevens,* 96 Iowa 616, 618; *McDonald v. Bank,* 123 Iowa 413, 420; *Bass v. James,* 83 Tex. 110.

Even constructive notice by public record has often been held sufficient to set the statute in motion. How much stronger, then, the reason for the rule that one is presumed to have knowledge of the contents of a written contract into which he has entered and which he has held in his personal possession and control for a long series of years without objection or complaint! This is certainly true in the absence of any charge or showing that his failure to know the terms of the contract in his hands has been brought about or induced by the fraudulent act or device of another. There is no allegation in the petition or in the substitute of any fact which

would operate to toll the statute, and the pleading clearly shows the alleged right of action to be barred.

We need not go into the other question discussed by counsel,—whether, even in the absence of such bar, the plaintiffs have charged facts constituting an actionable fraud, of which, to say the least, there is room for very grave doubt. For reasons already stated, the appeal cannot be sustained and the ruling and judgment appealed from are—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.