FRANK RILEY et al., Appellants, v. BOARD OF DIRECTORS et al., Appellees.

PLEADING: Substituted Petition Repleading Original Petition
1  Only—Effect—Motion to Strike.  An amended and substituted petition under which no fact is admissible beyond what would have been admissible under the original petition is subject to a motion to strike.

PLEADING: Striking Pleading from Files—Subsequent Ruling—
2  Effect.  A pleading properly stricken from the files is not subject to further ruling on demurrer, even in connection with the motion to strike.

PRINCIPLE APPLIED:  Plaintiff's petition was held insufficient on demurrer.  He filed an amended and substituted petition. Defendant demurred on the ground, among others, that the pleading was simply a repetition of the former pleading.  The court treated this last ground as a motion to strike, and struck such substituted petition from the files, but to the order so striking added: "In any event, the demurrer of the defendants to the substituted petition ought to be and the same is sustained." *Held,* the said added ruling was wholly without effect.

APPEAL AND ERROR:  Order Striking Repeated Pleading—Appeal
3  —Question Presented.  An appeal from an order striking from the files a pleading which is simply a repetition of an original pleading already held insufficient on demurrer does not raise the question of the correctness of the ruling on said demurrer.

EVANS, J., dissents.

*Appeal from Clay District Court.—*HON. N. J. LEE, Judge.

TUESDAY, OCTOBER 5, 1915.

THE opinion sufficiently states the case.—*Affirmed.*

*Fred Jensen* and *Buck & Kirkpatrick,* for appellants.

*J. W. Cory* and *Heald & Cook,* for appellees.

WEAVER, J.—On June 20, 1913, the plaintiffs filed their petition in the district court of Clay county. They describe themselves as residents, taxpayers and electors of the school township of Summit in said county, as well as of certain territory from which it was desired to organize a consolidated independent district in the manner provided by statute. They aver that, on a day named, they, with others constituting more than one third of the qualified electors of said territory, laid before the board of directors of said school township a petition describing said territory, which contained not less than sixteen sections located in the school townships of Summit and Meadow, the former having the larger number of voters, which petition had been duly approved by the county superintendent of schools, and requested the board to take the necessary steps to perfect the proposed organization. They also, at the same time, requested and demanded that the board call an election, as provided by law, to permit the electors of said territory to vote upon the question so presented. They further state that the members of said board are personally hostile to the proposed new district and have refused and still refuse to call such election as the law requires under such circumstances. They further allege upon information that the directors assign as a reason for such refusal that, if such petition were granted and the new district formed, the territory of the remainder of the school township of Summit would not be contiguous or so situated as to form a reasonable corporation. Upon this showing, plaintiffs prayed that a writ of mandamus issue, requiring the board to submit the question to an election according to law.

To this petition, the defendants demurred on the grounds: (1) That the facts stated did not entitle plaintiffs to the relief demanded; (2) that the court has no jurisdiction in the premises, because plaintiffs' remedy, if any they have, is by appeal to the county superintendent of schools. The court sustained the demurrer on both of the grounds assigned.

Thereupon plaintiffs filed a substituted petition, containing substantially the same allegations made in their original pleading, but attaching thereto a copy of the voters' petition and a plat of the proposed consolidated district, and alleging that the organization would leave the school townships of Summit and Meadow each with more than four sections of land of contiguous territory so situated as to form a suitable school corporation. It also further added that the directors assigned as one reason for refusing to call the election the fact that virtually the same proposition had been submitted at an election in May, 1913, and had been voted down.

To the substituted petition defendants again demurred, because: (1) The petition does not state facts entitling plaintiffs to the relief demanded; (2) the petition seeks a writ of mandamus to control the official action of the board of directors in matters in which it is authorized to exercise discretion; (3) the plaintiffs' remedy is by appeal to the county superintendent of schools; and (4), defendants' demurrer to the original petition having been sustained and the substituted petition not stating any other or different alleged cause of action, the former ruling is conclusive.

The court thereupon announced its ruling as follows:

"Upon inspection of the original petition as amended and the substituted petition of plaintiffs, it appears that no new or material matter is pleaded or alleged in the substituted petition, and the court will and does regard and treat the fourth ground of defendants' demurrer to the substituted petition as a motion to strike the same, for the reasons set forth in said subdivision of the demurrer, and the court con-

siders that such motion ought to be and the same is sustained
and the substituted petition stricken. The court further finds
and considers that in any event the demurrer of the defend-
ants to the substituted petition ought to be and the same is
sustained.''

To this ruling, the plaintiffs excepted and perfected an
appeal therefrom to this court. The record discloses no
entry of final judgment.

Did the court err in holding that the substituted petition
is substantially a repetition of the petition to which the
demurrer had been sustained and therefore is subject to be
stricken? A comparison of the original
pleading with the substitute makes it very
clear that they state one and the same cause
of action. We see no reason why every fact
which could properly be put in evidence
under the case made by the substituted pleading could not
with equal propriety be proven had plaintiffs chosen to stand
upon the original pleading. Such being the situation, the
court rightfully struck the last pleading and left the cause
to stand on the record as it stood after the ruling upon the
first demurrer. The additional or final statement in the
court's ruling following its order striking the
substituted petition from the files, ''that in
any event the demurrer to the substituted
petition ought to be and the same is sus-
tained,'' is of no effect; for, having stricken the petition as
a mere repetition of the first pleading, it was not the subject
of further consideration and the demurrer was of no further
force or effect because the pleading which it attacked was no
longer in the case. The language quoted from the ruling
construed with reference to the record at this point is neither
more nor less than a statement or side remark by the judge
presiding that, even if he had overruled the motion to strike,
he would still have held the demurrer good. No appeal will

1. PLEADING: sub-
stituted petition
repleading orig-
inal petition
only: effect:
motion to
strike.

2. PLEADING:
striking plead-
ing from files:
subsequent rul-
ing: effect.

lie from such an expression of opinion.  The appeal from the ruling presents for our consideration in the first instance only the question whether the court erred in striking the substituted petition, and this being answered in the

3. APPEAL AND ER-
ROR : order
striking repeat-
ed pleading : ap-
peal : question
presented.

negative, the case is at an end.  The record shows no appeal taken from the ruling which sustained the demurrer to the original petition.  No notice of appeal therefrom is shown and none is expressly claimed in argument.  As we have before noted, the record does not show any election by plaintiffs to stand on their original petition and no entry of any judgment on either occasion.  Had final judgment been entered and an appeal taken therefrom, it is probable that this would have been sufficient to bring up for our consideration the correctness of all interlocutory rulings to which exceptions had been preserved by the appellant, but an appeal from one interlocutory order cannot have that effect, and the appellate tribunal can review the case only as to the single question so presented.

This consideration necessitates an affirmance of the judgment below without passing upon any of the other questions argued by counsel.  No reversible error appears and the judgment below is—*Affirmed.*

All Justices concur except EVANS, J., who dissents.