WILLIAM MYERS, Appellant, v. ALVERN S. WENDEL et al.,
Appellees.

PLEADING: Demurrer—Answering Over—Filing Discredited Pleading.
1  The filing of a pleading once held insufficient on demurrer is properly
   reached by a motion to strike.

TRUSTS:   Resulting Trusts—Estoppel by Laches—When Demurrable.
2  Laches sufficient to bar an action to establish a resulting trust in
   lands must be very patent on the face of the petition, in order to
   be demurrable.

TRUSTS:   Resulting Trusts—Waiver by Partner by Means of Settle-
3  ment.  A partner who has a prospective half interest in specific real
   estate as to which the other partner holds a certificate of purchase
   on execution sale, and accepts the personal obligation of the cer-
   tificate holder to pay in money the value of said one-half prospective
   interest, may not, after the certificate-holding partner acquires a
   deed, enforce a resulting trust against the land for the amount of
   said obligation remaining unpaid.

*Appeal from Woodbury District Court.*—MILES W. NEWBY,
Judge.

OCTOBER 24, 1924.

ACTION in equity, to declare and enforce a resulting trust in
land.  Demurrer to the appellant's amended and substituted
petition was sustained, and the cause of action dismissed by the
court.  Plaintiff appeals.—*Affirmed.*

*Tinley, Mitchell, Pryor, Ross & Mitchell* and *Free & Pickus,*
for appellant.

*Naglestad & Pizey, Farr, Brackney & Farr,* and *Snyder,
Gleysteen, Purdy & Harper,* for appellees.

STEVENS, J.—I.  This is an action against the surviving
widow and the beneficiaries named in the will of Albert S. Wen-
del, who died November 28, 1920, in Woodbury County, and

the special administrator of his estate, to establish and enforce a resulting trust in certain real property, the legal title to which was, at the time of his death, in the testator.

The questions presented for review arise out of the ruling of the court sustaining separate demurrers to appellant's amended and substituted petition and amendment thereto, the ruling of the court upon a motion to strike a second amended and substituted petition, upon the ground that the allegations thereof were a mere restatement of the allegations of the previous pleadings, and the ruling of the court dismissing the cause of action with prejudice, upon the ground that appellant was in default under Section 3788 of the Code of 1897, because of his failure to plead over after the demurrers were sustained, within the time fixed by the court.

We will first dispose of the rulings of the court on the motions to strike and to dismiss appellant's cause of action. The second amended and substituted petition was filed within the time fixed by the court for pleading over. The court, however, held that, as it consisted of a mere repetition of the matters alleged in the previous pleadings, it did not comply with the statute permitting the party to plead over after a demurrer has been sustained, and that, therefore, appellant was in default. Ten days after February 3, 1923, was allowed by the court for appellant to plead over. The motions to strike were submitted and sustained May 24th following.

If the second amended and substituted petition amounted to nothing more than a mere repleading of the matters contained in the first amended and substituted petition and amendment thereto, a motion to strike the same from the files was the proper procedure. *McKee v. Illinois Cent. R. Co.,* 121 Iowa 550; *Hoyt v. Beach,* 104 Iowa 257; *Riley v. Board of Directors,* 172 Iowa 77; *Watkins v. Iowa Cent. R. Co.,* 123 Iowa 390; *Peterson v. Kissell,* 148 Iowa 516. An examination of the record satisfies us that the motion to strike upon the ground stated was properly sustained by the court. This left appellant in default; and, upon demand of counsel for the adverse parties, it was the duty of the court to enter judgment of dismissal and for costs in their

1. PLEADING: demurrer: answering over: filing discredited pleading.

favor.   Section 3788, Code of 1897.   In view of the conclusion reached upon one other proposition involved, it is immaterial whether the dismissal was with or without prejudice.

II.   The cause has been submitted in this court upon the theory that the record, in effect, shows an election upon the part of appellant to stand upon his amended and substituted petition, and as a refusal to plead further.   We shall, therefore, dispose of the principal questions raised by the demurrers.   To this end, it is necessary to briefly recite the allegations of the amended and substituted petition, as amended.

Appellant alleges that, on or about April 5, 1902, he and Albert S. Wendel were engaged together in the live stock business at Sioux City, Iowa, and that, on or about said date, they sold one J. H. Melott a large number of cattle, which they owned jointly; that, at the time of the sale of the cattle, and as the consideration therefor, Melott executed and delivered to appellant two promissory notes for the sum of $14,000 and $10,000 respectively, due in one year after date, to secure the payment of which he executed a chattel mortgage on the cattle to appellant, and, to further secure the payment thereof, executed a mortgage upon the land in controversy to Albert S. Wendel, the latter mortgage describing the notes referred to by giving the amount of each and the name of the payee; that Wendel brought an action in October, 1902, to foreclose the mortgage upon the land, and that a judgment with provision for special execution was entered in favor of the plaintiff in said action on December 28, 1903, for $12,793.43 and costs; that, on January 9, 1904, a special execution was issued on said judgment and the land bid in by the said Wendel, and that, on February 10, 1905, a sheriff's deed was executed to him therefor; that the notes upon which judgment was entered were the joint property of appellant and the said Wendel; that, on or about February 20, 1904, they agreed that the value of the Melott land was $11,700, and on said date the said Wendel executed and delivered to appellant an instrument in writing, as follows:

"Sioux City, Iowa, February 20th, 1904.

"Due Wm. Myers on settlement, $5,850.00, five thousand

eight hundred and fifty dollars, but it is understood that $5,500.00 of this amount is not to be paid until A. S. Wendel gets the money that he has in the Melott judgment. [Signed] A. S. Wendel.''

The purpose for which said instrument was executed is stated in Paragraph 6 of the amended and substituted petition, as follows:

"That, on or about the 20th day of February, 1904, and while the sheriff's deed, hereinbefore described, was in the possession and under control of the said A. S. Wendel, and had not been recorded, the said William Myers having made efforts to sell said land and convert the same into money and divide the proceeds thereof, and having failed to make any such sale, and in order to show the actual amount of money which represented the one-half interest of each of the parties in and to said land, the said A. S. Wendel and the said William Myers fixed the value of said land at $11,700; and that the interest of the said William Myers was one half of said sum, or $5,850, and as a declaration of said interest, the said A. S. Wendel delivered to the said William Myers the following statement in writing, to wit:''

It is further alleged in the petition that the said Wendel failed, neglected, and refused to sell and dispose of the land during his lifetime, and that he received and appropriated to his own use the rents and profits derived therefrom; and appellant asks an account thereof, and for a decree fixing and establishing his interest therein in his favor, and for all just and proper equitable relief.

We shall discuss but two of the propositions raised by the demurrers: that is, does the petition state a cause of action; and, if so, is it barred by the statute of limitations and laches?

First, as to laches: the transaction out of which the controversy arose was consummated approximately nineteen years before this action was commenced. Wendel, as stated, lived until November 28, 1920, during all of which time he had the exclusive possession of the land, receiving and claiming a right to the income therefrom, and in all particulars conducting

2. TRUSTS: resulting trusts: estoppel by laches: when demurrable.

himself as the absolute owner thereof. The writing copied above provides that the amount recited therein "is not to be paid until A. S. Wendel gets the money he has in the Melott judgment." The sheriff's deed was not executed until almost exactly a year after the date of the instrument signed by Wendel. There can be no doubt but that this instrument on its face imports a promise on the part of Wendel to pay appellant $5,500 out of the proceeds of the judgment, or out of the land, if the judgment was not paid. Just when the statute of limitations commenced to run, we need not say,—if within a reasonable time after the transaction, the cause of action is no doubt barred both by the statute of limitations and by laches. Mere delay, however, in the commencement of an action is held by the great weight of authority not to *ipso facto* bar the claim on account of laches, unless it is also barred by the statute of limitations. Laches is a mixed question of law and fact, and, as a rule, does not constitute a ground of demurrer. *Salinger v. McAllister*, 165 Iowa 508. For a petition to be demurrable upon this ground, laches must clearly and affirmatively appear on the face of the petition. *Pierson v. David*, 1 Iowa 23. While the language employed by the courts in other jurisdictions in stating the rule varies somewhat, there is no great lack of harmony in the cases on this point. *National Sur. Co. v. Grant*, 177 Mich. 348 (143 N. W. 5); *Fowler v. Alabama Iron & Steel Co.*, 164 Ala. 414 (51 So. 393); *Fogg v. Price*, 145 Mass. 513 (14 N. E. 741); *Warren v. Providence Tool Co.*, 19 R. I. 360 (33 Atl. 876); *Wadleigh v. Phelps*, 149 Cal. 627 (87 Pac. 93); *Gay v. Havermale*, 27 Wash. 390 (67 Pac. 804); *Allen v. Blanche Gold Min. Co.*, 46 Colo. 199 (102 Pac. 1072); *Peterson v. Manhattan Life Ins. Co.*, 244 Ill. 329 (91 N. E. 466); *Schnell v. City of Rock Island*, 232 Ill. 89 (83 N. E. 462); *Clary v. Schaack*, 253 Ill. 471 (97 N. E. 1070); *Woodlawn R. & D. Co. v. Hawkins*, 186 Ala. 234 (65 So. 183, 187. Laches differs from the statute of limitations in that the former appeals to the discretion of the court, and is not predicated upon definitely fixed periods of time, and must, therefore, ordinarily, be pleaded as a defense. There is indeed much force in the argument urged by appellees, that appellant's delay in commencing action, and particularly until after the death of

Wendel, when much important evidence might be lost to appellees, is indicative of bad faith, and renders the claim stale and inequitable. In view, however, of the allegations of the petition that the partnership between appellant and Wendel was never dissolved, and that the land was not sold, and for other reasons quite apparent, we would be reluctant to hold that it clearly and affirmatively appears upon the face of the pleading that the cause of action is barred by laches.

III. There can be no doubt that, where real estate is purchased by a copartnership with partnership funds, and title taken in the name of the individual partners, a resulting trust will be implied in favor of the copartnership.

3. TRUSTS: resulting trusts: waiver by partner by means of settlement.

*Paige v. Paige,* 71 Iowa 318; *Evans v. Hawley,* 35 Iowa 83; *Smith v. Smith,* 179 Iowa 1365. The evidence relied upon to establish a resulting trust must be clear and certain, and such as to ''convince the mind of the trier of the truth of the facts on which equity builds a resulting trust.'' *In re Estate of Mahin,* 161 Iowa 459.

It is, as stated above, alleged in the petition that the Melott notes, which were taken in the name of appellant, were the joint property of himself and Wendel, and that the mortgage foreclosed upon the land was executed for their joint benefit. But before the sheriff's deed was executed to Wendel, a settlement was had between the parties. The instrument which we have already set out in full is evidence of that fact. As a result of the settlement, Wendel became indebted to appellant in the sum of $5,500, which was not to be paid until he ''gets the money that he has in the Melott judgment.'' It is difficult to see how this instrument can be interpreted as a declaration by Wendel of an interest on the part of appellant in the land. On the contrary, if the land was considered by the parties in their settlement, it would seem quite clear that appellant agreed to accept cash in lieu of his interest in the judgment or the land, if a sheriff's deed should be executed therefor. It is alleged in the petition that the parties, by agreement, fixed the value of the land at $11,700, and that the writing was intended as a declaration or admission of the interest of appellant therein. Conceding that parol evidence would be admissible to establish the allegations of

the petition as to the settlement, the fact remains that the instrument itself cannot be impeached by parol evidence.

It seems to us that the petition on its face shows that a settlement was had between the parties at a time when Wendel held only a sheriff's certificate of purchase for the property, and that, by virtue of this settlement, appellant never acquired an interest in the land; but if he did, it was not one to which equity would, in view of the settlement, give effect. Whatever interest he may have had in the Melott notes and in the judgment entered thereon, he exchanged for the written obligation of his partner to pay the amount designated therein. The case at this point, in principle, is not unlike *Ristine v. Ruml,* 197 Iowa 1193.

We are convinced that the demurrers were properly sustained, and that the judgment of the court below must be, and it is,—*Affirmed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.