F. L. Arthaud, Appellant, v. C. J. Griffin, Appellee.

No. 40601.

February 17, 1931.

Rehearing Denied May 20, 1931.

F. L. Arthaud, appellant, appearing for himself.

A. V. Proudfoot, for appellee.

Wagner, J.—The pleading denominated "Plaintiff's first amended and substituted petition" consisted of two counts. In the first count of said "first amended and substituted petition" the plaintiff alleged, in substance, that on August 9th, 1921, he was the owner of an $1800.00 note, secured by a deed of trust upon forty acres of real estate in Ralls County, Missouri; that at said time, he was indebted to one John Bigham in the sum of $3500.00 and accrued interest; that said indebtedness was evidenced by his note and was secured by a deed of trust on eighty-two acres of land situated in the same county and state; that his note to Bigham was due and unpaid; that Bigham agreed to accept the $1800.00 note and deed of trust as additional secur-

ity and to extend the time of payment of his $3500.00 note; that on or about August 15, 1921, the defendant, by deception, fraudulently, unlawfully and stealthily secured possession of the $1800.00 note and deed of trust, and fraudulently and unlawfully withheld the same from the possession of the plaintiff; that because he (the plaintiff) was unable to give Bigham his $1800.00 note and mortgage as additional security for the $3500.00 note owing by him to Bigham, the latter refused to extend the time of payment of said $3500.00 and foreclosed the deed of trust upon the 82 acre tract and bid in the land for $600.00, whereas, said 82 acre tract was reasonably worth $6300.00, and that by reason thereof, plaintiff has suffered damage in the amount of $4700.00 ($5700.00?)

In Count 2 of said "Plaintiff's first amended and substituted petition" the plaintiff alleged, in substance, that on January 29, 1921, he entered into a written contract with one Smith for the sale of his 82 acres of real estate described in Count 1, and another 40 acre tract, at the agreed price of $78.00 per acre. A copy of said written contract is made a part of said count, and by the terms thereof $200.00 was to be paid in cash, $1300.00 was to be paid on or before March 1, 1921, on which date a deed was to be executed by the plaintiff, and the purchaser was to execute unto the plaintiff his note for $5400.00 due March 1, 1931, secured by a first deed of trust upon the real estate; and for the remainder of the consideration, the purchaser was to execute unto the plaintiff his note due March 1, 1926, secured by a second deed of trust upon the real estate. The plaintiff further alleged in said Count Two, in substance, that because of the wrongful detention by defendant of plaintiff's $1800.00 note and deed of trust, the plaintiff was unable to perform his contract of sale with Smith, and that Smith rescinded the same and that the 40 acre tract had depreciated in value in the sum of $38.00 per acre. He prayed for judgment for the amount of his damages, as alleged in both counts of said "first amended and substituted petition."

The defendant filed a demurrer to both counts of said "first amended and substituted petition," which went to the merits thereof, and the court overruled the demurrer to Count One and sustained the demurrer to Count Two. The plaintiff elected to stand on said Count Two of said "first amended and sub-

stituted petition" and took an appeal from the ruling of the court in sustaining the demurrer to said count, and this action by the trial court, in sustaining the demurrer to said Count Two, was by this court affirmed. See Arthaud v. Griffin, (Iowa) 227 N. W. 158 (not officially reported).

After our pronouncement in Arthaud v. Griffin (Iowa), 227 N. W. 158 (not officially reported), the plaintiff filed in the district court a pleading denominated "Plaintiff's Second Amended and Substituted Petition." In this pleading he realleged in a single count what he had previously alleged in both counts of the "first amended and substituted petition." In other words, his "second amended and substituted petition" is almost a *verbatim et literatim* copy of what had been previously alleged in both counts of his "first amended and substituted petition." The defendant attacked this pleading, last filed, by a motion to strike, and the court held: "Plaintiff elected to stand on the ruling on the demurrer to the second count (of plaintiff's first amended and substituted petition), so he has no right to replead that." It will thus be observed that the effect of the court's ruling is to strike from the "second amended and substituted petition" only what had been previously alleged in Count Two of the "first amended and substituted petition." This ruling by the trial court is clearly right. The demurrer to the second count of "plaintiff's first amended and substituted petition" went to the merits as to plaintiff's right of recovery for the matter therein alleged. In so far as the cause of action alleged in the second count of the "first amended and substituted petition" is concerned, the appellant, by his election to stand, staked his case on the ruling by the trial court on defendant's demurrer. He lost on the appeal therefrom to this court (see Arthaud v. Griffin [Iowa] 227 N. W. 158 [not officially reported]), and the matter involved in said second count of the "first amended and substituted petition" became *res adjudicata* as against him and cannot now be used by him in stating or restating a cause of action against the defendant. The appellant relies upon what is said by this court in an early case, Jenkins v. Shields, 36 Iowa 526, at 530, but said case is not analogous to the condition confronting us in the instant case, as in that case there had been no election to stand upon the

pleading attacked by demurrer, no appeal taken therefrom and no decision by this court.

Appellee's motion was properly sustained. See Simmons v. Western Life Indemnity Company, 171 Iowa 429; The Town of Waukon v. Strouse, 74 Iowa 547.

The plaintiff's right of recovery is now confined to the averments of the last pleading filed, exclusive of the averments therein which were previously alleged in the second count of his "first amended and substituted petition." The action of the trial court against which complaint is made is correct and the same is hereby affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.