FRED WEIMER, Appellant, v. W. F. LUECK, Appellee.

No. 46465.

JULY 28, 1944.

T. V. Walker and Floyd E. Page, of Denison, for appellant.

E. A. Norelius, of Denison, for appellee.

1232

BLISS, J.— The defendant was the mayor of the city of Denison. On May 23, 1942, an information was presented to him and filed in his office, accusing the plaintiff of "unlawfully, willfully and feloniously keeping bees which have become a nuisance." The defendant issued a warrant for plaintiff's arrest, charging him with the crime of keeping bees which had become a nuisance, and under it the plaintiff was arrested by the marshal and brought before the mayor. At that time the plaintiff and his attorney informed the mayor that there was no ordinance authorizing the issuance of the warrant or the arrest of plaintiff and that the arrest was illegal and void. A plea of not guilty was entered. Hearing was continued until May 25th, at which time plaintiff appeared. Those matters were alleged in plaintiff's petition, and also the following: That at said hearing the defendant had numerous neighbors and acquaintances of plaintiff to try to interrogate and intimidate him, and defendant "stated that he knew that there was no ordinance under which he could have plaintiff arrested for keeping bees but he had plaintiff arrested solely so that the neighbors and anybody else could ask him questions and he would be compelled to answer them"; that the information was illegal and void; that the city had no ordinance or regulation prohibiting or affecting the keeping of bees within the limits of the city, or making their keeping a nuisance, which fact was known to the defendant; that plaintiff was discharged from custody and the charge dismissed by defendant because he had no authority or jurisdiction, and there was no ordinance, to try such offense as was charged; that the issuance of the warrant and all acts done by the defendant "were willful, malicious and without reasonable or probable cause and for the sole purpose of embarrassing and injuring this plaintiff thereby and to intimidate plaintiff to dispose of certain bees which he owned * * *."

Defendant's demurrer to the petition was based upon three grounds: First, the petition failed to state a cause of action in that it did not allege that defendant was without jurisdiction in the case, and that since he had jurisdiction in cases of ordinances, and to issue warrants for arrest and to hold preliminary hearings, he merely acted in excess of his jurisdiction, and therefore would not be liable to plaintiff; second, the petition failed to state a cause

of action in that it did not allege that defendant, as mayor, did not have power to hear complaints, issue warrants, and order arrests, and under the law defendant was acting within his jurisdiction; third, the petition showed on its face that defendant was acting as mayor and by reason thereof was not liable in damages to the plaintiff for any act done.

On February 11, 1943, the court (Judge R. L. McCord) sustained the demurrer. The basis of the holding was that the petition did not state a cause of action. The plaintiff excepted. Plaintiff asked for no additional time to plead and none was given. On February 17, 1943, plaintiff filed his amended petition, to which defendant filed his motion to strike because it was essentially the same as the original petition and was but a repetition and a rewriting of the matters alleged therein. The ruling of the court (Judge Bruce M. Snell) on March 26, 1943, upon the motion, was as follows:

"The motion to strike (paragraph 2 of the motion) presents the question as to whether or not the amended petition is sufficiently different from the original petition to escape the effect of the former ruling. In my opinion it is not. The cause of action is essentially the same. The material facts alleged are the same. The wording of the amendment is somewhat different but the substance of the two pleadings is the same. In my opinion the amended petition is still subject to the ruling on the demurrer and is therefore vulnerable to the motion to strike. The motion to strike the amended petition is sustained. The plaintiff excepts."

Plaintiff stood on his amended petition and pleaded no further. In dismissing the amended petition and rendering judgment for defendant against plaintiff for costs, the court said:

"The Court now finds that all the material allegations of the plaintiff's petition have been dismissed and nothing further remains for decision by this Court and that judgment should be entered against the plaintiff."

I. Under the record it is our conclusion that the appellant has presented no question on which he is entitled to a review. His only assignment of error is this:

1234

"The trial court erred in sustaining Appellee's Motion to Strike for the reason that Appellant's Amended Petition stated a cause of action: (1) Because the appellee is liable to appellant for damages for false arrest if appellee was actuated by ulterior motives and malice, regardless of the question of jurisdiction, and (2) Because the appellee is liable to appellant for damages for false arrest, the petition alleging facts showing the appellee, in all the proceedings leading to the arrest of the appellant, was acting wholly without jurisdiction."

These two numbered propositions are the only ones discussed by the appellant in his opening argument. They pertain solely to his right to recover on the merits of his case.

The weakness of this assignment is that it urges a matter which was not raised in the motion to strike and was not passed upon in the ruling thereon.

This appeal, as shown by the record, is not from any error of the court while Judge McCord was presiding but only from an alleged error when Judge Snell was presiding over the court. The ruling on the demurrer to the original petition is not challenged on this appeal. While appellant excepted to the ruling, he has not assigned any error thereon. He withdrew his original petition by substituting in its stead his amended petition. Appellee attacked the latter pleading by a motion to strike it from the files and for default. The motion to strike was based upon the ground that the amended petition was essentially but a repetition of the original petition. This motion invoked a ruling from the court on but one question—the ground alleged therein: Was the amended petition essentially the same as the original petition? That was the only question presented to the trial court and that was the only question answered by the court. If the court erred it was in that answer.

The finding and the decision of the court on the motion to strike was that, "The cause of action is essentially the same" and "The material facts alleged are the same," as in the original petition. That finding and decision is not challenged on this appeal. No error is assigned that the court was wrong therein. As noted above, the only error assigned is that the amended petition stated a cause of action. Whether the amended petition stated a cause of action was a question not submitted to the

court, and the court neither answered nor attempted to answer it. It would have been error to do so. The appellee did not demur to the amended petition. He did not invoke a ruling of the court as to whether the petition stated a cause of action or not. His motion to strike the amended petition because it was but a repetition of the original petition was not only correct procedure but it was sound practice. This court has so held from its early days down through the years. See Harvey v. Spaulding, 7 (Clarke) Iowa 423, 424; Mayer v. Woodbury and Strahm, 14 Iowa 57, 59; Robinson v. Erickson, 25 Iowa 85, 86; Phenix Ins. Co. v. Findley, 59 Iowa 591, 594, 13 N. W. 738. See, also, Epley v. Ely, 68 Iowa 70, 71–73, 25 N. W. 934, wherein the court said:

"The defendants had demurred to the plaintiff's first amended petition, and the demurrer had been sustained. The motion to strike out the second amended petition is based upon the ground that it does not differ in any essential respect from the first amended petition, which the court had held, on demurrer, to be bad. It is not allowable, of course, after a pleading has been held, upon demurrer, to be bad, to file another which does not differ in substance, but in phraseology only. On this point we do not suppose that there is serious controversy."

See Town of Waukon v. Strouse, 74 Iowa 547, 548, 38 N. W. 408, 409, in which the court said:

"Where a party pleads over after a demurrer to his pleading has been sustained, and his amended pleading is the same in substance as the original, the other party is not required to again demur. So far as that count is involved, the question is adjudicated, and the amended pleading presents no question nor case for the court to determine, and it should be stricken from the files."

See Van Werden v. Equitable Life Assurance Soc., 99 Iowa 621, 623, 68 N. W. 892. See, also, Hoyt v. Beach, 104 Iowa 257, 259, 73 N. W. 492, 493, 65 Am. St. Rep. 461, where the court, through Kinne, C. J., said:

"An examination of the record shows that the last answer differs in no material respect from those to which demurrers were

sustained. Some new matter is found in this last answer, but it is simply a conclusion drawn from the same facts pleaded in both answers. Under the established rule of pleading, it is proper to strike an answer which is, in substance, a mere repetition of allegations which have been held insufficient on a demurrer to a former answer in the same case. * * * Any other rule would permit parties to continue indefinitely to file pleadings which were mere repetitions of former pleadings, which had been held bad on demurrer. *Such a construction would tend to disorder and a disrespect for the rulings of the court, would delay judicial procedure, and interfere with the orderly administration of justice. The matter contained in the answer last filed being the same, in substance, as the allegations contained in the former answers, to which demurrers had been sustained, the court properly sustained the motion to strike.*" (Italics ours.)

In McKee v. Illinois Cent. Ry. Co., 121 Iowa 550, 552, 97 N. W. 69, the court held squarely against the very contention urged by the appellant herein. In that case, after demurrer to the original petition had been sustained, the plaintiff filed three substituted and amended petitions, each of which was successively dismissed on motions to strike, based on the ground that each did not differ in legal effect from the original petition. In affirming, the court, through Bishop, C. J., said:

"Having taken leave to plead over, and having filed an amended and substituted petition, plaintiff must be held to have waived the error, if any there were, in the ruling [sustaining the demurrer to the original petition]. This is well-settled doctrine. [Citing cases.] The same doctrine has application to the rulings upon the motions addressed to the first and second amended and substituted petitions. By filing a later pleading, intended to wholly supplant the pleading stricken out, plaintiff, in effect, acquiesced in the ruling upon the motion. It follows that the record brings to us but one question, does the third amended and substituted petition present a case differing, in substance and legal effect, from that stated in the original petition? *Indeed, in making assignment of error, appellant recognizes such to be the situation, for he complains of nothing save the ruling upon the motion addressed to the petition last*

*filed by him.* The argument of counsel, however, is devoted to the merits of the cause of action as alleged, and it is said that the amended petition should not have been stricken, *for that in point of law and fact, a cause of action was stated therein. It is manifest that we cannot enter upon consideration of the question thus sought to be presented. No such question is involved in the ruling of the court below. The court determined simply that the filing of the amended petition amounted to nothing more, in legal effect, than a refiling of the original petition. This involved no consideration of the merits of the cause of action alleged. The court had already passed judgment on that question by its ruling upon the demurrer. We proceed, therefore, to a determination of the question in reality presented by the assignment of error.''* (Italics ours.)

In Simmons v. Western Life Indemnity Co., 171 Iowa 429, 433, 435, 154 N. W. 166, 167, the court, through Weaver, J., said:

''It will be seen that when the final ruling was made the action had been pending for some four years, during all of which time plaintiffs had been engaged in a more or less constant effort to state a case which would successfully pass the test of demurrer and motion to strike. * * * The net effect of the record, as we have outlined it, is that the one material question for our consideration is upon the ruling by which plaintiffs' last amended and substituted petition was stricken from the files. * * * It is true, as contended by appellants, that the party against whom a demurrer has been sustained may, as a matter of right, amend or substitute his pleading without formal leave therefor, *provided the amendment or substitute is so drawn as to avoid the grounds of demurrer which have been sustained by the court. But it is not proper for him to simply rewrite in form or substance the matter of the pleading which has been successfully assailed, and refile it. Labelling such a pleading as an 'amendment' or 'substitute' will not give it standing, and it will be stricken upon motion of the opposing party.''* (Italics ours.)

Without further quotation, we call attention to the following decisions in full support° of the above-noted holdings, to wit: Riley v. Board of Directors, 172 Iowa 77-81, 154 N. W. 293; Myers v. Wendel, 198 Iowa 859, 860, 200 N. W. 431 (Stevens, J.);

Swartzendruber v. Polke, 205 Iowa 382, 388, 389, 218 N. W. 62 (DeGraff, J.) ; Arthaud v. Griffin, 212 Iowa 646–649, 235 N W. 66 (Wagner, J.) ; Ontjes v. McNider, 218 Iowa 1356, 1359–1362, 256 N. W. 277 (Anderson, J.). These decisions were based upon sound and well-recognized principles of pleading, under the old rules. When a demurrer to a pleading was sustained there were but two things for the pleader to do. First, if he could not amend to meet or avoid the grounds of the demurrer, and it was his judgment that the pleading was not vulnerable to the demurrer, and he desired to appeal, he was required to except to the ruling, signify unequivocally his election to stand on the pleading attacked, or permit judgment to go against him. Second, if he could meet the grounds of the demurrer by amending his pleading, or he desired to plead additional matters of fact by answer or reply, he could do so, and save any questions of law raised by the demurrer by proper procedure in the subsequent progress of the trial, by objections to evidence, motion to direct, motion in arrest of judgment, etc.

In Watkins v. Iowa Cent. Ry. Co., 123 Iowa 390, 98 N. W. 910, it is held, contrary to the above decisions, and by rather unpersuasive reasoning, that if the amended pleading is but a repetition of the first, any error in the ruling on the demurrer is not waived. It has been followed in Wisner v. Nichols, 165 Iowa 15, 143 N. W. 1020; Anhalt v. Waterloo, C. F. & N. Ry. Co., 166 Iowa 479, 493, 147 N. W. 928; Fleagle v. Downing, 183 Iowa 1300, 1303, 1304, 168 N. W. 157; Blessing v. Welding, 226 Iowa 1178, 1180, 1181, 286 N. W. 436; Whitfield v. Grimes, 229 Iowa 309, 319, 320, 294 N. W. 346.

But these last-cited cases do not aid the appellant because in each of them the question involved in the ruling on the demurrer to the original pleading was saved not only by proper exception but was assigned as error on the appeal. There is no such assignment in this case. In some of those cases the legal question involved in the ruling on demurrer was also subsequently raised in the trial by other procedure. In his reply argument the appellant seeks to avoid this by considering appellee's motion to strike as in fact a demurrer to his amended petition, and, impliedly, a demurrer to the original petition. Neither the appellant, the trial court, nor this court can convert the appellee's

motion to strike into something which he did not intend it to be, to his prejudice. He had no intention of demurring to the amended pleading or to question whether it stated a cause of action. Whether the amended petition stated a cause of action was a question of law upon which he had already secured a ruling favorable to him. It is a question which has troubled this court and other courts. Therefore, instead of submitting that question to Judge Snell, by demurring, he requested his answer to the simple question of fact as to whether the amended petition was a repetition or rewriting of the original petition, by filing the motion to strike. The procedure which he adopted was proper and this court cannot deprive him of any rights secured thereby. He avoided the adverse result suffered by the defendant in Van Werden v. Equitable Life Assurance Soc., supra, 99 Iowa 621, 623, 68 N. W. 892, who demurred to the amended pleading instead of moving to strike it. In that case, Judge C. P. Holmes had sustained a demurrer to the original petition. An amended and substituted petition was then filed and Judge W. F. Conrad overruled a like demurrer. The court said:

"It is urged that the amended and substituted petition did not differ, in any essential particular, from the original, and that the ruling of Judge Holmes, if not appealed from, should be regarded as the law of the case. It will be remembered that a new petition was filed, to which appellant [defendant] filed a demurrer. It was the act of appellant, in filing the second demurrer, that necessitated a ruling by the court The issue of law presented, required the judgment of the court upon it, and we know of no rule of law or practice to guide to a conclusion, except the convictions of the judge sitting as a court to determine the question. If the petition was, in substance, the same as amended, it could have been stricken out on motion. Town of Waukon v. Strouse, 74 Iowa, 547 (38 N. W. Rep. 408). Appellant did not adopt this course, but, by its demurrer, invoked the judgment of the court, and it was the duty of the court to give it, regardless of its former holdings." (Citing cases.)

II. The proposition stated in the assignment of error was not submitted to or decided by the trial court. It therefore

1240

cannot be considered here. This court has held so many times that a question not presented to and not passed upon by the trial court cannot be raised or reviewed on appeal that citation of decisions is unnecessary. See, however, Smith, Landeryou & Co. v. Hollingsworth, 218 Iowa 920, 936, 251 N. W 749; Boyd & Williams v. Watson, 101 Iowa 214, 222, 70 N. W. 120; Johnston v. Federal Land Bank, 226 Iowa 496, 503, 284 N. W. 393; Vogt v. Chicago, R. I. & P. Ry. Co., 164 Iowa 158, 160, 145 N. W. 463; Leonard v. Leonard, 234 Iowa 421, 12 N. W. 2d 899, 903.

III. Appellant has assigned no error on the court's decision sustaining the motion to strike because the amended petition was but a repleading of the original petition. This is a law action and this court's appellate jurisdiction is confined

to the correction of errors. We have repeatedly held that an error not assigned presents no question for review and need not be considered upon appeal. Slippy Engineering Corp. v. City of Grinnell, 226 Iowa 1293, 1303, 286 N. W. 508; Andreas & Son v. Hempy, 221 Iowa 1184, 1186, 268 N. W. 13. However, we have carefully compared the two petitions and their allegations and prayers show them to be essentially the same. The basis of liability and the allegations of fact in each petition, on which the pleader's conclusions are based, are identical in all material and essential matters. All evidence and argument admissible or proper under the amended petition would have been admissible and proper under the original petition. The decision of the court on the motion to strike was right and is sustained. While the appeal herein was taken after the new Rules of Civil Procedure became effective, the adverse ruling on the motion was prior thereto, and this appeal is disposed of under the old rules.

The case on its merits raises an interesting question and one not free from difficulty, but the record makes it unnecessary to enter that field.

The judgment is therefore—Affirmed.

OLIVER, HALE, GARFIELD, WENNERSTRUM, and MULRONEY, JJ., concur.