Vogel Bros. v. Mossler.

---

## VOGEL BROS. v. MOSSLER.

1. **Practice**: MOTION TO TAKE CASE FROM JURY. Where, in an action upon an account, the defendant pleaded a counter-claim, based upon a breach of contract, *held*, that after defendant had introduced his evidence a motion to instruct for plaintiff was properly overruled.

2. **Evidence**: HEARSAY: TELEGRAM. The testimony of a witness who states that his knowledge of a material fact is based upon a telegram or letter informing him of the fact, should be excluded as hearsay.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, JUNE 10.

ACTION upon account for goods sold. The defendant pleaded a counter-claim. He avers that being in insolvent circum-

Vogel Bros. v. Mossler.

stances he contracted with the plaintiffs to secure a compromise for him with all his creditors at fifty cents on a dollar, and paid the plaintiffs in advance, for services to be rendered for him in that respect, the sum of five hundred and seventy-five dollars. He avers that they failed to perform their contract; that he was indebted in a claim of eight hundred and fifteen dollars which the plaintiffs did not succeed in securing a compromise of, and which defendant has been obliged to pay, whereby he has been damaged in the sum of five hundred and seventy-five dollars. The plaintiffs, by reply, deny that they undertook to secure a compromise with all the defendant's creditors, but aver that the contract was that they were to aid the defendant to the best of their ability in securing a compromise with his creditors, of whom he furnished a list, and they aver that they did secure a compromise with all the defendant's creditors of whom he furnished a list. Other facts are stated in the opinion. There was a trial by jury, and verdict for the defendant for one hundred and thirty-six dollars and fifty-nine cents. The plaintiffs appeal.

*Clinton, Hart & Brewer,* for appellants.

*Robert Percival,* for appellee.

ADAMS, J.—I. There was evidence tending to show that the defendant was indebted to one Alsburg & Jordan upon a claim amounting to eight hundred and fifteen dollars, which claim the plaintiffs did not succeed in securing a compromise of, and at the time of the trial of this action a judgment had been obtained upon the claim by Alsburg & Jordan against the defendant. After the defendant rested the plaintiffs filed a motion to the effect that the court instruct the jury to render a verdict for plaintiffs, stating the following as the grounds of the motion:

1. PRACTICE: motion to take case from jury.

"1. The amount due on the plaintiff's claim is not disputed, and the defendant has failed to introduce any evidence tend-

ing to show that he has been damaged by any breach of contract upon the part of plaintiffs.

"2.   The evidence shows affirmatively that defendant has not paid the claim of Alsburg & Jordan, upon the alleged failure to compromise which claim the defendant's counterclaim is based."

The motion was overruled, and the appellants assign the overruling as error.

It appears to us that if the plaintiffs had failed to perform their contract the defendant was entitled to at least nominal damages, and for this reason we think that the motion was properly overruled.

II.   After the motion was overruled the court was adjourned to the next day.   Upon the reopening of court the 2. EVIDENCE: defendant was recalled in his own behalf and teshearsay: tele-gram.   tified that the judgment had been paid.   Upon cross-examination he testified as follows:   "My means of knowledge that the judgment has been paid is a telegram received this morning and a letter just received.   These are my only means of knowledge."   The plaintiffs then moved that the testimony as to payment be excluded as hearsay and incompetent.   The court overruled the motion and the appellants assign the overruling as error.   The defendant showed clearly that his knowledge that the judgment had been paid was derived wholly from hearsay.   We think, therefore, that his testimony as to its being paid should have been excluded. The appellee contends that this is not so, because the telegram was read to the jury by the defendant at appellants' request.   But this was nothing more than showing the exact words and manner of the defendant's information.

REVERSED.