## MATTOX ET AL v. PATTERSON.

1. **Evidence:** ORIGINAL ENTRIES: MEMORY.   Where defendant's book of original entries showed that he had paid plaintiff certain items of money, and plaintiff, who could not write, testified from memory only, after the lapse of six years, that these items had not been paid her, the court did not err in allowing the defendant these items.

2. ———: PAYMENT OF MONEY: HEARSAY.   Where defendant, a guardian, claimed to have paid his ward $10, but had no entry of it on his book, and had no recollection of it, and the only evidence of such payment was a letter from a third party giving a statement of the sum which the ward said she had received, such evidence was only hearsay, and the court erred in allowing the guardian credit for that amount.

3. **Guardian:** LIABILITY FOR UNCOLLECTED PENSION.   A guardian should not be compelled to account for the amount of an uncollected pension, which his successor may still collect for the ward.

4. ———: ———: DEATH OF WARD.   When a guardian collected enough of his ward's pension to support her, and left the balance in the hands

of the government until the death of the ward, after which, under section 4718, Rev. St. U. S., the said balance became uncollectible by her estate, *held* that the guardian should not be held to account for such uncollected balance.

5. ————: COMPENSATION: INTEREST ON FUNDS. Where the fund in the hands of a guardian was small, it was not error for the court to allow him the interest on such fund in lieu of compensation.

*Appeal from Des Moines Circuit Court.*

TUESDAY, MARCH 20.

THE plaintiffs appeal from the judgment of the Des Moines Circuit Court approving the report of John Patterson as guardian. The facts are stated in the opinion.

*P. Henry Smyth & Son*, for appellant.

*George H. Lane*, for appellee.

DAY, CH. J.—On the 5th day of February, 1874, John Patterson, the appellee, was duly appointed guardian of the estate of Mary E., Jas. Wm., and Sarah T. J., minor heirs of Tobias Mattox, deceased, who was a private in the volunteer service of the United States. The mother of said minors having intermarried with one Christopher Phillips, the said guardian procured an allowance of a pension to said minors jointly, at the rate of eight dollars per month, and to each separately at the rate of two dollars per month, from the 30th day of July, 1869, until each should attain the age of sixteen years; the pension of Mary E., expiring on April 16, 1874; that of James W., January 19, 1876; and that of Sarah T. J., January 11, 1880. The pension of Sarah T. J., ceased by her death on February 5, 1878, when she was about fourteen years of age. On the 20th day of November, 1879, the guardian filed his report, showing that he had collected from the United States, pension for said minors, from July 30, 1869 to March 4, 1875, $918.65, of which there should be distributed to Mary E. Mattox, $263.98, to James W. Mattox, $327.32, and to Sarah T. J. Mattox, $326.32. In this report

the guardian charged the heirs jointly with $88.37, and charged to Mary E. Mattox, $96.00, to James W. Mattox, $93.25, and to Sarah T. J. Mattox, $107.95. The report suggested the death of Sarah T. J. Mattox, and asked the court to direct to whom the balance due her should be paid. The guardian did not charge himself with interest, nor credit himself with compensation, but asked that an allowance be made for compensation, if he was required to pay interest. At the time of this report Mary Mattox was of legal age. Mary E. Mattox, James William Mattox, by his guardian duly appointed in the State of Missouri, the place of his domicile, and Nancy Phillips, mother and heir at law of Sarah T. J. Mattox, deceased, appeared and filed exceptions to the guardian's report. The court overruled all of the exceptions but that to the bill of Dr. Scarff for $20, one half of which the court disallowed. The court thereupon ordered the defendant to make partial distribution of the assets as follows: To Mary E. Mattox, $117.32; to Wm. Barton, guardian of Jas. Wm. Mattox, $183.41; and to Mary E. Mattox, Wm. Barton, guardian, and Nancy Phillips, heirs of Sarah T. J. Mattox, in equal parts, $168.71.

I. The plaintiffs complain of the allowance of five small items of cash, claimed to have been paid to Mrs. Phillips, the mother of the minors, on their behalf, during the years 1874 and 1875, amounting to $21.75. Mrs. Phillips testifies that she never received these sums. It appears, however, that she kept no written memorandum of what was paid her, and that she cannot write. She was testifying simply from memory, six years after the transactions referred to were said to have occurred. The defendant introduced his book of original entries showing the entry of the items now claimed. We think the court did not err in allowing the defendant these items.

1. EVIDENCE: original entry: memory.

II. The plaintiffs complain of the allowance of $47.00 for cash for the provisions of the family from June, 1874 to 1877. The mother of the defendant's wards and their step-

father, Christopher Phillips, were poor persons. The family was dependent, mainly, upon the labor of the minors and their step-father for support. During the years 1874–5–6–7, Christopher Phillips worked for the defendant, and he furnished the family provisions. During this time Christopher Phillips was frequently sick, and, hence, ran behind in his account to the amount of $47.00, which amount the defendant charges to the fund in his hands. The amount is certainly a very small sum for the provision of the wards for three years, and we do not see that any reasonable objection to the allowence of it can be made.

III.   The defendant charged Mary E. Mattox with $10 cash, paid in May, 1876. The only proof of this item is a

2. ——: payment of money: hearsay.

letter of one C. M. Gordon, addressed to the defendant, furnishing a statement of the sums which, he says, Mary said she had received. This letter was mere hearsay, and clearly inadmissible to establish the fact of payment. The defendant testifies that he has no charge on his book of $10 paid to Mary in May, and that he has no recollection of it. This item should not have been allowed.

IV.   The report of the guardian shows that he has collected the pension to March 4, 1875. James W. Mattox at-

3. GUARDIAN: liability for uncollected pension.

tained the age of 16 on January 19, 1876, and is hence entitled to the further sum of $63. It is insisted that the defendant should be charged with this sum. It appears that Wm. Barton has been appointed guardian of James W. Mattox, at his place of domicile. If he has not already collected the arrears of pension, he can still do so. We do not think that the defendant should be required to pay the amount, and leave the way still open to James W. Mattox to collect it again from the government.

V.   At the time of the death of Sarah T. J. Mattox she was entitled to the sum of $308. It is claimed that the ac-

4. ——: ——: death of ward.

crued pension, under the provision of section 4718, Revised Statutes of the United States, cannot be

collected by her estate, and that hence the defendant should be held responsible for this sum. Inasmuch, however, as the defendant collected enough to meet the personal wants of his wards, we think he cannot be charged with any dereliction of duty in simply allowing the fund to accumulate in the hands of the government to the extent of $300. If the heirs of the deceased cannot collect the arrearages, it results from the peculiar provisions of the pension law, and not from any failure of the defendant to exercise proper vigilance in the discharge of the duties incumbent upon him.

VI. The court below allowed the defendant no compensation, and charged him no interest on the balance in his hands, which was $469.44. In view of the smallness of the amount in the defendant's hands, we cannot say that the court erred in allowing him the interest on it as compensation for his services.

5. ———: compensation: interest on funds.

The judgment of the court will be so far modified as to disallow a charge of $10 to Mary E. Mattox. In all other respects the judgment is affirmed. The defendant will pay one-third the costs of this appeal, and the remaining costs will be taxed to James Wm. Mattox and Nancy Phillips.

MODIFIED AND AFFIRMED.