J. W. KOLLMANN, Appellee, v. MINNETTE KOLLMANN et. al., Appellants.

**EVIDENCE:** Competency—Ex Parte Statements by Strangers. Letters
1   which pass between parties who are not parties to an action are manifestly incompetent as substantive evidence for or against the parties to the action.

**SALES:** Validity—Sale by Known Non-owner. A vendee of property
2   takes nothing by his conveyance when he knows who is the actual

owner of the property and that his vendor is simply in possession of the property as manager.

**APPEAL AND ERROR:** Modification to Avoid Uncertainty. On appeal, 3    an order which gives one co-owner of property the right to immediate possession will be so modified as to properly protect other co-owners in their right of possession.

Headnote 1: 22 C. J. pp. 209, 741.    Headnote 2: 35 Cyc. p. 341. Headnote 3: 4 C. J. p. 1153.

Headnote 1: 10 R. C. L. 960.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

NOVEMBER 22, 1927.

Action to set aside assignment of lease and bill of sale, and restore possession of drug store to plaintiff. From the decree of the district court granting the relief this appeal was taken.— *Modified and affirmed.*

*Russell E. Ostrus* and *Guy Miller,* for appellants.

*Parsons & Mills,* for appellee.

KINDIG, J.—The facts of this controversy determine the issues. For an understanding of the situation and surrounding circumstances, the following historical statement is necessary: J. W. Kollmann, plaintiff and appellee, was married to Minnette Kollmann, a defendant and appellant, August 17, 1918. To this union a son, Jack, was born, in May, 1922. Lois Jacobs, a defendant and appellant, is a sister of Minnette Kollmann's, and resides at Tulsa, Oklahoma. Harry Eaton, a member of the state board of pharmacy, sold, on January 31, 1922, to appellee and his wife, the Randolph Pharmacy, located at 200 West Fourth Street, Des Moines. Of this purchase price, $3,300 was paid by the husband, and $700 by the wife. They took possession and managed and operated the store, both working therein. Shortly thereafter, appellee became addicted to the use of drugs, and as a result, was confined in the Methodist Hospital about two weeks. Then, on the 15th day of May, 1924, he voluntarily went to the state hospital at Independence for treatment, and

remained there until November 1, 1924. During this period of Mr. Kollmann's detention, Mrs. Kollmann operated the pharmacy, paid family bills and store accounts, and sent more than $1.00 a day to her husband. Meanwhile, appellee became concerned about the extension of the lease for the room occupied by the pharmacy, and wrote appellant Minnette Kollmann about it. She consulted the landlord, and reported to her husband that an additional term would be granted, provided the contract was made in her name, saying that otherwise the instrument would be canceled. Suggestion was also made in her communication that an assignment of the old agreement was necessary, in order to avoid a declaration of forfeiture. Accordingly, appellee, acting upon this information, executed a written transfer thereof to said appellant. After appellee's return from Independence, he drew $3,300 out of the savings bank, and put it in a safety deposit box; but afterward, this, or its equivalent, was still retained by him. Appellant Minnette Kollmann also drew funds from the bank, which she says were consumed in living and operating expenses. Again, on January 24, 1925, appellee was sent back to the state hospital for further care and attention; and remained there until July 17th of that year. His wife continued her duties and responsibilities in the joint business. While appellee was being treated the second time, in April, 1925, a bill of sale was sent to him by his wife, for the purpose of conveying the said property to her. This he refused to sign. By letter and in interviews, appellee advised selling out, provided a suitable price could be obtained. Throughout, however, his idea clearly was that the mutual proceeds should be used for reinvestment in Des Moines or some other place. Appellant Kollmann ignored such implied authorization, and disposed of said community interests to her sister, Lois Jacobs, for "$1.00 and other considerations." Explanation is made that part of the benefits accruing therefrom were employment of appellant Kollmann by the new vendee at a salary of $100 per month, and also the care by appellant Jacobs of the child, Jack. Upon appellee's second return from the state institution, appellant Kollmann refused to permit him to enter upon the premises.

I. Evidence before the district court as the basis for setting aside said "assignment of the lease" is insufficient, without giving weight to incompetent matter introduced as a founda-

1. EVIDENCE: competency: ex parte statements by strangers.

tion therefor. Reference is made to a letter written September 11, 1925, by George L. Mong to the said Harry Eaton, to the effect that appellant Kollmann was not told the "lease" would be discontinued unless placed in her name. That could not bind said appellant. No opportunity to cross-examine the said Mong was offered, he not being called as a witness. Said subject-matter was *ex parte*, and should have been excluded, in accordance with the objection. Perhaps the question becomes moot, because the "lease" has expired. In any event, concluding, as we hereafter do, that both appellee and appellants still have an interest in the pharmacy, it is really immaterial in whose name the "lease" was held, since, under the circumstances, the holding was for the use and benefit of all.

II.  There is no difficulty in justifying the judgment of the district court, which declared void the disposal of said common possessions by Mrs. Kollmann to Lois Jacobs. Undoubtedly, ap-

2. SALES: validity: sale by known non-owner.

pellee desired, during his incapacity, that appellant Kollmann should control and manage the venture; yet it is unfair to him to say that he made an absolute gift to her. Every talk which they had and letter he mailed suggested the retention of his rights therein. Hope was perpetual that a new industry might be established by the use of the funds derived from the vendition contemplated. Anxiety on appellee's part appears throughout, that the amount received might not prove ample. Relinquishment of this position was at no time made. These letters were read by Lois Jacobs, and she thereby learned what was in appellee's mind regarding the subject of her undertaking. Her rights, therefore, cannot transcend those of the appellant Kollmann. As a result of this knowledge, that attempted change of ownership was a nullity. So it could and did not prejudice appellee. Thereafter, his equity still remained unhampered.

Respecting this, the district court was right.

III.  The final portion of the court's action requires modification to avoid misunderstanding and possible injustice to the parties. Immediate possession was here given appellee, without

3. APPEAL AND ERROR: modification to avoid uncertainty.

at the same time rendering unmistakable the right of appellants, as their interests may appear, to "joint possession" with appellee at all

times, as long as they retain their share. Thirty-three hundred four-thousandths of said original investment belongs to appellee, and seven hundred four-thousandths thereof to appellants, or one of them. Incompleteness and uncertainty of the record prohibit an accounting, and appellants' pleadings are not sufficient to warrant the same. However, this suit will not be a bar against future proceedings, if any are desired, to obtain such remedy, including the right to obtain special compensation for services rendered while the husband was being cured of the drug habit.

With the change indicated in the opinion, the judgment and decree of the district court is affirmed.—*Modified and affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.