FIRST NATIONAL BANK OF KLEMME, Appellee, v. ELMER B. BEIER et al., Appellees; A. M. PLACE, Appellant.

No. 46962.

APRIL 9, 1947.

McCoy & Beecher, of Waterloo, for A. M. Place, appellant.

Dunn & Dunn, of Mason City, for First National Bank of Klemme, appellee.

B. C. Berge, of Garner, for Elmer B. Beier, appellee.

E. P. Donohue, of New Hampton, for First State Bank of Fredericksburg, appellee.

MULRONEY, J.—Elmer B. Beier gave A. M. Place a check for $826.42 for rent he owed Place. The check was drawn on the First National Bank of Klemme. Place accepted the check and deposited it in the First State Bank of Fredericksburg, where he had a checking account. The check was credited to Place's account in the bank. Place telephoned to Beier and asked him to stop payment on the check. Beier executed a stop-payment order and delivered it to the Klemme bank. When the check was presented to the Klemme bank it was returned unpaid with the notation that payment had been stopped. It was presented a second time and it was again returned unpaid with the same notation. Thereafter the First National Bank of Klemme brought a petition of interpleader against Beier, Place, and the First State Bank of Fredericksburg, alleging the defendants had all made claims to the funds in its bank on which the check was drawn and it believed it would be exposed to "multiple and vexatious litigation because of the several claims against the said fund." The prayer was that the defendants be required to interplead; that it be authorized to segregate the fund, or deliver it to some person designated by the court; and upon such delivery it be discharged from further liability.

Beier answered and in the main admitted all the facts

pleaded in plaintiff's petition as to which he had knowledge and he cross-petitioned, alleging the delivery of the check to Place; the execution of the stop-payment order at Place's request; that he at all times had on deposit in the Klemme bank sufficient funds in his account to pay the check; that he was at all times ready and willing to pay the amount of the check but he believed the original check should be returned to him upon doing so, and he too asserted he had been subjected to "multiple and vexatious claims by the various parties," and he prayed for interpleader relief in that he asked that the parties be required to "plead concerning their claims," and that the court determine the rights of the respective parties, and the person to whom said amount should be paid and that upon payment he be discharged.

Place, in his answer to plaintiff's petition, admitted the pleaded facts insofar as he had knowledge and pleaded that Beier was indebted to him in the sum of $826.42 and he had requested payment from Beier and the latter had "expressed a willingness to so do." He pleaded that the check did not operate as an assignment of funds and he prayed that Beier "be authorized and empowered to pay [him] the * * * $826.42 * * * and further [equitable] relief."

The Fredericksburg bank answered and alleged that it claimed the fund as the owner and holder of the check and it prayed for judgment against the plaintiff in the sum of $826.42. After hearing the evidence the trial court entered judgment in favor of the Fredericksburg bank and defendant Place appeals.

The evidence consisted of the testimony of an officer in each of the two banks and Beier, and the exhibits of the check and stop-payment order. There is no dispute in the testimony. It established the delivery of the check to Place; the latter's deposit of the check in the Fredericksburg bank; the bank's crediting the account of Place with the amount of the check; the stop-payment order by Beier upon Place's telephoned request; and the refusal of payment of the check when it was presented. There the testimony stops.

Place's present counsel, who did not participate in the trial below, observed in his brief:

"Apparently the parties to this action have raised an iron curtain beyond which the court cannot see and beyond which lies the explanation for this controversy. Those of us who have been permitted to view the scenery behind this curtain are not permitted to describe it now."

The trial court in its opinion also commented on "The studied efforts of the parties to eliminate from this proceeding the merits of their own controversy * * *."

The trial court, upon the record presented, found that the Klemme bank and Beier disclaimed any interest in the fund; that Place had failed to plead or prove any right to the fund; that the Fredericksburg bank, as the holder and owner of the check, the amount of which had been credited to Place's account, was entitled to the fund. The plaintiff bank was ordered to pay the amount from Beier's account into the clerk's office and it was awarded to the Fredericksburg bank upon their delivery of the check.

I. In this appeal Place first asserts that the bill of interpleader does not lie because none of the defendants had a cause of action against the plaintiff bank. Place's answer sought affirmative relief in the action. No issue as to the propriety of the action appears to have been raised in the court below by pleading or argument. It will not be reviewed here. Weimer v. Lueck, 234 Iowa 1231, 15 N. W. 2d 291; Iltis v. Gentilly, 234 Iowa 689, 13 N. W. 2d 699, and cases there cited.

II. We do not need to consider the arguments advanced by Place that a check does not operate as an assignment of the drawer's funds and if payment is stopped the drawer's bank is not liable to the holder. Place's brief states the arguments are advanced to establish the proposition that the Fredericksburg bank did not have a good cause of action against the Klemme bank and therefore the action of interpleader would not lie. As stated in the preceding division, the proposition was not raised in the court below.

III. The last proposition argued by Place is that the Fredericksburg bank received the check from him as his agent for collection and the bank has not shown it suffered any dam-

age by reason of the refusal of plaintiff bank to honor it. Place relies upon the language of the deposit slip to the effect that deposit items are received for collection and are credited "subject to final payment in cash" and the bank "may charge back any item at any time before final payment, whether returned or not * * *."

The trial court disposed of this proposition in the following language:

"However no such issue is raised by any pleading of any defendant unless it be by the allegation of the defendant First State Bank of Fredericksburg that it was the owner and holder of the check at this time. Defendant Place might by way of avoidance have alleged and proved that the bank was holding the check only as the agent of Place, and that the credit to the account of Place was subject to the right of the bank to charge the check back against Place's deposit account if it was not paid, or that it was so charged back. Brady on Bank Checks, 2nd Ed. Sec. 72 and 274. But such a claim would surely constitute an affirmative defense which could be raised only by a pleading on the part of Place raising such an issue. In my opinion the pleadings as filed do not raise this issue."

We concur in the trial court's conclusion.

The parties, by pleading and evidence, spoke softly so as not to disturb the slumbering point as to whether the Fredericksburg bank could or did charge back the dishonored credit. They raise their voices a little here by Place's suggestion that the Fredericksburg bank failed to show it did not charge the check back, which is "tantamount to a conclusive showing that it did charge the check back," and the Fredericksburg bank's suggestion that it would be "illogical" for the bank to litigate its right to the money if it had charged the check back, and the veiled hint that Place, after receiving the credit, might have withdrawn the entire account or applied it on a debt owing the bank. The record shows that pleading and evidence with respect to charging back the dishonored check are conspicuously absent. The point is not sleeping. It is, for the purpose of this case, a dead issue.

Under the record, where, as the trial court stated, "All parties admit that plaintiff is entitled to an order authorizing it to pay the money to someone and to be relieved from further liability," and where Place neither pleaded nor proved any facts entitling him to the money, and the Fredericksburg bank pleaded it was the owner and holder of the check and proved it credited the full amount of the check to the payee Place, the Fredericksburg bank was entitled to the judgment and the judgment in its favor is affirmed.—Affirmed.

All JUSTICES concur.