DEAN M. BURNETT, Appellee, v. EDWIN F. POAGE et al.,
Appellants.

No. 47125.

(Reported in 29 N. W. 2d 431)

NOVEMBER 11, 1947.

REHEARING DENIED JANUARY 16, 1948.

Theodore F. Mantz, Milton W. Strickler, and A. D. Pugh,
all of Des Moines, for appellants.

Emmert, James, Needham & Lindgren, of Des Moines, for
appellee.

HALE, J.—On September 16, 1946, the parties to this action,
Dean M. Burnett, hereinafter designated the plaintiff, and Edwin

F. Poage, named hereinafter as defendant, entered into a contract in which each became the owner of a half interest in a Chrysler sedan motor car for which, from the record, it appears that the money advanced was by the plaintiff. The car was originally registered in the name of the plaintiff, and the contract contemplated a division of the profits thereafter to be realized. It was alleged in the proceedings hereafter mentioned that the defendant obtained $850.71 from the plaintiff with which to purchase the car. The relations between the parties were not as agreeable as had been anticipated and, on November 23d, Poage began a replevin action against Burnett, describing the car and alleging that he was the absolute owner of two metal keys and chain used in connection with the said motor vehicle, and further alleging that he had loaned the keys to Burnett, and alleging the value of the keys and chain at $1.25. This unique action resulted in Poage obtaining possession of the car.

Answer was filed asking dismissal of Poage's action and plaintiff then, on the 9th of December, 1946, brought suit against Poage asking partition, attachment against the car, and also in count II of his petition asked judgment against Poage for $135.00 on an alleged bogus sale of corporation stock which was never delivered. To this action Poage filed answer denying the receipt of the $135.00, claiming that he was to receive 50% of the profits from the sale of the car, and asking dismissal of Burnett's petition. Motion to consolidate the two actions was sustained by the district court on December 14th.

On the 21st of January, 1947, Poage's attorneys, Comfort, Comfort & Irish, filed a stipulation of settlement and a withdrawal of appearance. As this stipulation is the controversial part of the judgment and appeal it is set out in full:

"It is hereby stipulated and agreed by and between the parties hereto, as follows:

"(1) That the defendant hereby agrees to pay to the plaintiff the sum of $900.00, and the costs of these actions, in full settlement of all matters in controversy in these two consolidated cases, Law No. 97-51996 and Law No. 97-51945.

"(2) That in the event the defendant shall fail or refuse to pay same on or before noon of March 1, 1947, the court, or Clerk, is hereby authorized, empowered and directed to enter judgment herein in favor of the plaintiff and against the defendant for $900.00 with interest at 5% and costs, and to dismiss the replevin suit (Law No. 97-51945) and enter judgment therein against the plaintiff for costs.

"(3) That in consideration of the foregoing these cases are agreed to be withdrawn from the January, 1947, Trial Assignment.

"Signed Edwin F. Poage,
"Signed Theodore F. Mantz,
Attorney for Poage.
"Signed Dean M. Burnett,
"Signed Paul G. James,
Attorney for Mr. Burnett."

On March 1, 1947, defendant Poage filed a motion to set aside the stipulation to which there was a resistance filed by plaintiff, which is unnecessary to set out, for the reason that on the 1st day of March, 1947, the defendant filed a withdrawal of stipulation to confess judgment in law No. 97-51996 and law No. 97-51945; signed the 23d of January, 1947. We set this out:

"Comes now Edwin F. Poage and does now withdraw his consent to the Stipulation filed and entered in this case on January 23, 1947, and does hereby withdraw his name from the signature thereto and the name of his attorney, Theodore F. Mantz, and asks the Court that the same be re-assigned for trial, and does hereby demand that the said Clerk not enter judgment as in the said Stipulation set out, and makes a part of this Withdrawal his Motion filed of even date herewith. (Signed) Edwin F. Poage, Edwin F. Poage, Defendant."

This was acknowledged before a notary public.

And still later, on March 14, 1947, there was a withdrawal of the motion to set aside stipulation as follows:

"Comes now the defendant, Edwin F. Poage of the Des

Moines Investigating Association and hereby at this time withdraws his 'motion to set aside stipulation'.

"The withdrawal of motion to set aside the stipulation is filed and made without prejudice to the withdrawal of stipulation to confess judgment in Law No. 97-51996 and Law No. 97-51945.

> "Theodore F. Mantz, 620 Royal Union Life Bldg.,
> "Milton Strickler, 407 Southern Surety Bldg.,
> "Des Moines, Iowa,
> "Attorneys for Edwin F. Poage."

As we view these agreements and disagreements, the condition of the record at that time was: that there were before the court the pleadings in the two cases, a stipulation of settlement, a motion to set aside the stipulation, a withdrawal of that motion to set aside, and a withdrawal of consent to the stipulation. On that date, March 14, 1947, there was entered the following judgment entry:

"Now, to-wit on this 14th day of March, 1947, the above entitled cause coming on for hearing, the plaintiff appearing in person and by Emmert, James, Needham and Lindgren, his attorneys; and the defendant Edwin F. Poage, having appeared herein by Milton Strickler, his attorney; the court having examined the records and files and being well advised in the premises, finds that a stipulation of settlement was entered into herein, which stipulation is a matter of record; that the defendant Edwin F. Poage, has failed to comply with said stipulation of settlement; that his motion to set aside the stipulation of settlement has been withdrawn by counsel for Edwin F. Poage, and that the plaintiff is entitled to judgment against Edwin F. Poage in accordance with said stipulation in the sum of $900.00, with interest [thereon] at 5%, and costs.

"It is Therefore Hereby Ordered, Adjudged and Decreed that judgment be and is hereby entered against the defendant, Edwin F. Poage, in the sum of $900.00, with interest at 5% from March 1st, 1947, and the costs of this action. Loy Ladd, Judge." To which, on the next day, March 15th, exception was taken by the defendant.

Notice of appeal was filed. The abstract of record, prepared and submitted to the court, was objected to by the plaintiff's attorney and an amendment requested, which was granted and approved by the presiding judge and now appears in the record. This amendment appears to us to state completely the court proceedings prior to the hearing on the 14th of March, as follows:

"The Honorable Loy Ladd on the twenty-third day of January, 1947, was serving as Assignment Judge in this court; that upon the call of these consolidated cases for trial, defendant appeared in person and with Attorney Theodore F. Mantz, and plaintiff appeared in person, and with Paul G. James, his attorney.

"That the court inquired of counsel if they were ready to proceed to trial. Plaintiff's counsel responded affirmatively. Mr. Mantz stated that Comfort, Comfort & Irish had withdrawn as counsel for Poage without notice; that he represented Poage only in the replevin matter; that he was unfamiliar with the case of Burnett v. Poage; and requested time for Poage to employ counsel.

"That Mr. James responded that Mr. Frank Comfort had advised him and Poage in December that his firm would not try this case for Poage; that terms had been agreed upon between counsel, and Comfort, Comfort & Irish would not try the case, and had so advised Poage.

"The court thereupon inquired of Mr. Mantz if he had a motion for continuance. Mr. Mantz stated he did not have. The court thereupon granted him until nine A. M. the following day to prepare and file a Motion for Continuance, if he desired to do so.

"The court was approached about a half hour later by Mr. Mantz and Mr. James who presented a signed Stipulation of Settlement, advised the court the cases were settled, and to drop the cases from the assignment.

"The court further states that after the filing of the motion to set aside the 'Stipulation' on March 1, 1947, Mr. Strickler asked that the hearing on the same be continued until the following Friday (about a week) at ten o'clock A.M.,

advising that he had signed the application prepared and presented to him by Mr. Mantz, had not had time to look into it and was leaving the City on business, and would be unable to give the matter consideration until his return; that the court telephoned Mr. James, and he immediately granted consent to the granting of the time requested, and it was so ordered.

"The court further states that on Thursday, March 13, Mr. Strickler advised the court that the Motion to set aside the Stipulation was withdrawn; that upon investigation and consideration it was in his opinion without merit; and he would not appear in support of it, or in resistance to entry of judgment.

"The court further states that he advised Mr. Mantz of Mr. Strickler's statements, and advised him that the Hearing on plaintiff's application for judgment was set for ten o'clock A. M., on Friday, March 14, 1947, and that unless some reason or cause was shown why judgment should not be entered on the Stipulation of settlement, that he would hear the matters pending, and enter such judgment as appeared to be requisite and proper.

"The court further, states that Mr. Mantz did not appear; and that plaintiff and his attorney Mr. James did appear at ten A. M. on Friday, March 14, 1947, and the court inspected the records, examined and read the Stipulation, signed by Mr. Poage, personally, as well as by Mr. Mantz as his attorney, and upon evidence being presented that nothing had been paid or tendered thereunder and ascertaining that the defendant Poage had sold the Chrysler car involved, entered judgment in both cases in accordance with the terms of the Stipulation of Settlement."

Prior to the approval of the completed record there was a resistance by Poage to the plaintiff's application for amendments to defendant's abstract and deletions, and on the same day, April 26th, was filed an affidavit of Milton W. Strickler admitting part of the statement of proceedings heretofore set out, denying portions of such statement, but on the 24th of May the application for amendments to the abstract and deletions was sustained and the defendant granted fifteen days

to comply. Also, on the 6th day of June, 1947, a certificate as to statement that the parties had agreed to the record was signed by the judge of the district court of Polk county.

It may be said that the presentation of the case in this court on behalf of the defendant was not made by any of the attorneys mentioned in the proceedings, but was orally argued by counsel who took no part in the original trial. The record is bare of any defense offered or of any evidence introduced on the trial why the stipulation should not continue and be in force, and operate as a settlement of the action, other than that the defendant had elected to withdraw therefrom.

█ I. Defendant-appellant has argued extensively in this court on many matters which were not presented to the district court. There being no issue in the lower court attacking the stipulation of settlement, except as to the purported withdrawal, other issues cannot, for the first time, be presented here on appeal. This has many times been ruled in this court —our most recent ruling being First National Bank of Klemme v. Beier, April 9, 1947, 238 Iowa 280, 26 N. W. 2d 853. See, also, Weimer v. Lueck, 234 Iowa 1231, 15 N. W. 2d 291; Iltis v. Gentilly, 234 Iowa 689, 13 N. W. 2d 699, and cases cited therein, which latter two cases are referred to in First National Bank case above.

As stated, there was for the court to consider only the question of the attacked withdrawal and its effect. The assigned errors by the defendant herein are practically all subject to the objection that none was presented in the district court, other than the withdrawal above, which was a part of the pleadings and considered by the court in entering its rulings. Even if properly presented in that court we could not hold that such stipulation must have the approval of the court before it becomes binding, or that because judgment was not entered until after March 1st that it would be invalid, or that it had been waived or abrogated, or that the confidential relations, if there were any, existing between the parties, would enter into the consideration. From the record it appears that the unconscionable advantage suggested by defendant seems to have been the unconscionable advantage taken by the defendant; nor is

there any basis for the suggestion that a court might reject a fraudulently introduced stipulation, and we cannot consider the intimation that there was no legal consideration. All of these matters and other matters presented in defendant's argument need not be considered here even if they had been properly presented. As we have said, the only question before us is the question of the effect of the attempted withdrawal of the stipulation.

■ II. We are of the opinion that when once an agreement of settlement has been entered into and there is no evidence of fraud, mistake, wrongdoing, misrepresentation, or evidence of any kind that the stipulation was not in accord with the intentions of the parties, or any evidence of any kind introduced to show why it should be set aside, and the court has acted upon such stipulation to the extent of withdrawing a case from the trial assignment, neither party has any right to withdraw therefrom without the consent of the other, and the court is authorized to enter judgment thereon.

Defendant cites various parts of the article on Stipulations in 60 C. J., but under the head of Rescission, section 88, page 90, it is there stated:

"Stipulations concerning the conduct of a pending cause cannot ordinarily be repudiated or withdrawn from by one party without the consent of the other, except by leave of court upon cause shown; and especially is this true after he has received the benefits contemplated by the stipulation, or where it has been so acted upon that the parties cannot be placed in statu quo. However, a party may be permitted to withdraw a stipulation if it appears that it was executed by his solicitor without authority and without full knowledge of its contents, and that the party subsequently repudiated the action of the solicitor * * *. If the stipulation is obtained by fraud, it may be repudiated on discovery of the fraud and treated as void ab initio." Citing many cases.

None of the exceptions noted above appears in this action.

Plaintiff argues in this proceeding that a contract or agreement for the compromise or settlement of a disputed claim

is valid and binding on the parties, and cannot be unilaterally abrogated, any more than it could be created, without the mutual consent of the parties. Citing various cases. With this argument we agree where the stipulation, as it appears to be here, is of itself valid. Stipulations and agreements of settlement are favored by the court and are valid and binding. In re Estate of Fleming, 228 Iowa 1137, 1148, 1149, 293 N. W. 511; Baumann v. Willemssen, 228 Iowa 389, 292 N. W. 77; Ewing v. Benson (Iowa, 1938), 281 N. W. 197, and cases cited. See, also, Van Alstine v. Hartnett, 210 Iowa 999, 1003, 231 N. W. 448, 450, which contains reference to the former trial of the same case found in 207 Iowa 236, 222 N. W. 363; Carpenter v. Lothringer, 224 Iowa 439, 455, 275 N. W. 98; Chapman v. Coats, 26 Iowa 288, 290; Muller v. Dows, 94 U. S. 277, 24 L. Ed. 76.

Such is the general rule as to stipulations. In 60 C. J. 91, section 89, it is said:

"As elsewhere shown, stipulations are favored by the courts, and if they are in reference to matters which may validly be made the subject of stipulation between persons having the capacity to make and be bound thereby, and satisfy the requirements as to writing, signing, entry on minutes, filing, or recording, where this is held necessary, it is the policy of the courts to enforce them, unless good cause is shown for not doing so. Nevertheless, stipulations will not be enforced under all circumstances. As elsewhere shown, even though the agreement relates to matters which may be validly made the subject of stipulation, the court, in its discretion, may set aside a stipulation on numerous grounds, such, for instance, as fraud, undue influence, or collusion, mistake, false statements innocently made, inadvertence or improvidence in making the stipulation, and on other grounds."

One "other ground" referred to on page 99, section 102, is, lack of full knowledge of the facts. See, also, page 95, section 97; 50 Am. Jur., Stipulations, sections 11, 14.

None of these exceptions appeared in the action before the court, nor do they appear herein. It is clear that the judgment

upon the stipulation was properly entered; that the judgment of the court was right and the same should be affirmed.—Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, MULRONEY, SMITH, and HAYS, JJ., concur.

MANTZ, J., takes no part.