Rubin Brothers Butter & Egg Company, Inc., appellee, v. A. J.
Larson dba Larson Hatchery, appellant.

No. 48466.

(Reported in 63 N.W.2d 908)

APRIL 7, 1954.

C. F. Neylan, of Elkader, for appellant.

J. J. Hyde, of Elkader, for appellee.

GARFIELD, J.—Plaintiff-corporation buys and sells produce in New York City. Defendant operates a hatchery in St. Olaf, Iowa, and shipped eggs and poultry to plaintiff. In October 1946 defendant delivered 55 cases of eggs to a carrier for shipment to plaintiff. Plaintiff paid for the eggs by paying a sight draft attached to the bill of lading. Plaintiff never received the eggs. It brought this law action to recover $815.10 it paid for the eggs. Defendant filed a counterclaim for $1996 for several balances alleged to be due from plaintiff. Following trial to the court without a jury plaintiff recovered judgment for the amount of its claim. The counterclaim was disallowed. Defendant has appealed.

I. Defendant's first assigned error is the denial of his demand for a jury trial. The demand was filed too late and there was no abuse of discretion in denying it. Plaintiff's petition was filed October 30, 1951, the answer and counterclaim

April 24, 1952, and an amendment to the counterclaim August 25, 1952. Plaintiff filed a reply to the answer and counterclaim September 11, 1952. Defendant's demand for jury trial was not filed until November 20, 1952. Plaintiff resisted the demand as too late.

Rule 177, Rules of Civil Procedure, so far as applicable here, provides:

"(a) Jury trial is waived if not demanded according to this rule; * * *

"(b) A party desiring jury trial of an issue must file a written demand therefor, either by indorsement on his pleading, or within ten days after the last pleading directed to that issue.

"(c) * * *.

"(d) Notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court, in its discretion on motion and for good cause shown * * * may order a trial by jury of any or all issues."

Obviously defendant's demand for jury trial was not filed within the time provided by this rule. Defendant made no attempt to allege or show "good cause" as contemplated by rule 177(d). No excuse for the long delay in filing the demand has yet been offered. To sustain this assigned error would require a virtual annulment of rule 177. Schloemer v. Uhlenhopp, 237 Iowa 279, 21 N.W.2d 457; Hampton v. Burrell, 236 Iowa 79, 86, 17 N.W.2d 110, 114. Defendant's argument on this proposition is much less persuasive than that in support of a like contention which was rejected in each of the cited cases.

█ On December 8, 1952, defendant filed a second demand for jury trial as part of his reply to plaintiff's reply to defendant's counterclaim. (Plaintiff's reply, as stated, was filed September 11.) Paragraph 8 of plaintiff's reply alleged the counterclaim was barred by the statute of limitations. Defendant's reply asserted the counterclaim was not barred because the law of New York governed. Defendant's reply was, on plaintiff's motion, stricken on the ground the Iowa statute of limitations governed. No complaint is made of such ruling.

There is some indication defendant's reply was filed in an attempt to revive the time for demanding a jury trial. The pleading raised no issue of fact but only a point of law which

seems to have been abandoned after the reply was stricken. Denial of this second demand presents no ground for reversal. Hampton v. Burrell, supra, 236 Iowa 79, 87, 17 N.W.2d 110, 115.

II. We consider now errors assigned in the admission in evidence of a copy of a letter (Exhibit E) and a letter (Exhibit F) in reply to the original of Exhibit E.

Plaintiff's petition alleged, and the answer denied, the eggs plaintiff paid for were destroyed in a train wreck and defendant was fully reimbursed by the carrier for the loss. To prove this allegation plaintiff offered in evidence Exhibits E and F which were received over defendant's objections. Exhibit E is a photostatic copy of a letter from plaintiff to Dairy Dispatch, Dubuque, Iowa, a carrier to which defendant evidently delivered the eggs for shipment to plaintiff. The material part of Exhibit E is: "On October 21st, we paid a draft of $815.10 to Larson Hatchery, St. Olaf, Iowa for 55 cases of eggs. We were notified by the Baltimore & Ohio Railroad these eggs were completely demolished due to a train accident. Therefore I am claiming reimbursement for the above amount."

Exhibit F is a letter to plaintiff from Dairy Dispatch in reply to the original of Exhibit E. The body of Exhibit F reads: "Please refer to your letter of December 27 [1946], regarding 55 cases of eggs shipped October 21 by the Larson Hatchery at St. Olaf, Iowa. The shipper advised us his loss was $815.10, for which claim was filed with the Baltimore & Ohio R.R. From this amount we deducted freight charges, and the B. & O. Claim Department deducted cartage charges, leaving a balance of $772.05. A check for this amount was forwarded to Larson Hatchery on December 19. If you have paid a draft on these eggs, we suggest that you contact the shipper. Since the eggs were never delivered to you, they were still the property of the shipper at the time of the wreck, therefore settlement was made with Larson Hatchery."

Defendant objected to Exhibit E as incompetent, irrelevant, immaterial, not the best evidence, there is no proper showing about the original, self-serving and hearsay. Exhibit F was objected to as incompetent, irrelevant, immaterial and hearsay. The objections were overruled. It is clear they should have been sustained.

■ Exhibit E, a photostatic copy, is not the best evidence. Olson v. New York Life Ins. Co., 229 Iowa 1073, 1077, 295 N.W. 833, 835; People v. Wells, 380 Ill. 347, 44 N.E.2d 32, 36, 142 A.L.R. 1262, 1267, and annotation 1270; 32 C.J.S., Evidence, section 815; 20 Am. Jur., Evidence, section 428. Nonproduction of the original of Exhibit E was not sufficiently accounted for. It was not shown the original was lost, destroyed, beyond the jurisdiction of the court or in possession of defendant and that he failed to produce it upon demand. See Lende v. Ferguson, 237 Iowa 738, 746–748, 23 N.W.2d 824, 829, 830, and citations; 20 Am. Jur., Evidence, section 433, page 386; 32 C.J.S., Evidence, section 822.

■ Further, Exhibit E is objectionable as a self-serving declaration and hearsay and the original thereof would be equally inadmissible upon these grounds. Exhibit F is plainly hearsay and incompetent. Of course hearsay is not limited to oral testimony. A statement objectionable as hearsay does not become competent by reducing it to writing. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773, 778; 31 C.J.S., Evidence, section 194; 20 Am. Jur., Evidence, sections 451, 455, 910.

Countless authorities that support our conclusion Exhibits E and F are inadmissible as hearsay include: Kollman v. Kollman, 204 Iowa 950, 953, 216 N.W. 77; Yarcho v. Chicago, R.I.&P.R. Co., 183 Iowa 1180, 1182, 168 N.W. 336; Mattox v. Patterson, 60 Iowa 434, 437, 15 N.W. 262; Vogel Bros. v. Mossler, 51 Iowa 360, 362, 1 N.W. 650; Kane v. City of Chicago, 392 Ill. 172, 64 N.E.2d 506, 510, 511; Kline v. Metcalfe Constr. Co., 148 Neb. 357, 27 N.W.2d 383, 385, 386.

Kelly v. Norwich Union Fire Ins. Co., 82 Iowa 137, 143, 47 N.W. 986, the only decision cited to us in support of the receipt of Exhibits E and F, is distinguishable. There the fact shown by testimony based on hearsay was also shown by competent evidence the correctness of which was not disputed. We therefore held no prejudice resulted from reception of the testimony based on hearsay. Here there is no evidence other than Exhibit F that defendant was reimbursed by the railroad for loss of the eggs.

Receipt of Exhibits E and F, especially F, was prejudicial to defendant. The trial court found defendant recovered the value of the eggs from the carrier. The finding is necessarily based on Exhibit F. It may well have influenced the court in awarding judgment for plaintiff. The court is presumed to have considered Exhibits E and F. City of Des Moines v. Rosenberg, 243 Iowa 262, 272, 51 N.W.2d 450, 455; Olson v. Olson, 242 Iowa 192, 205, 46 N.W.2d 1, 8; In re Estate of Conner, 240 Iowa 479, 492, 36 N.W.2d 833, 841, and citations.

Where error appears in the admission of evidence prejudice is presumed unless the contrary affirmatively appears. The record does not rebut the presumption of prejudice. In re Iowa-Illinois Gas & Elec. Co., 242 Iowa 534, 540, 47 N.W.2d 162, 165, and citations; Yarcho v. Chicago, R.I.&P.R. Co., supra, 183 Iowa 1180, 1183, 168 N.W. 336.

III. In his brief defendant argues he was entitled to what he calls a directed verdict on plaintiff's claim (although there was no jury) on the ground title to the eggs passed to plaintiff by delivery to the carrier and risk of loss while in transit therefore fell upon plaintiff. We decline to decide this question for two reasons. First, defendant's counsel stated in oral argument to us he did not rely upon this contention but asked a reversal only upon the matters hereinbefore considered. Second, the point raised in defendant's brief was not one of the grounds asserted in support of his motion "to direct a verdict" in the trial court. Nor does the point seem to have been otherwise presented to the trial court or decided by it.

Ordinarily we do not consider contentions not presented to the trial court and there passed upon. Weimer v. Lueck, 234 Iowa 1231, 1240, 15 N.W.2d 291, 295, and citations; Jensvold v. Chicago Great Western R. Co., 236 Iowa 708, 715, 18 N.W.2d 616, 619; First National Bank v. Beier, 238 Iowa 280, 283, 26 N.W.2d 853, 854; Burnett v. Poage, 239 Iowa 31, 37, 29 N.W.2d 431, 434.

Because of the errors pointed out in Division II the cause is—Reversed and remanded.

All JUSTICES concur.