**U. S. HOMES, INC., Appellee,**

**v.**

**Chesley A. YATES, J. Fred Beisser, d/b/a Beisser Building Materials Company, and W. C. Robbins, Appellants.**

**No. 53621.**

Supreme Court of Iowa.

Feb. 10, 1970.

Johnson, Burnquist & Erb, by William S. Gibb, Fort Dodge, for appellant Chesley A. Yates.

Hamilton & Schill, by Howard D. Hamilton, Fort Dodge, for appellee.

RAWLINGS, Justice.

Trial to the court on plaintiff's action at law for damages resulting from defendant's breach of a home construction con-tract resulted in judgment for plaintiff, and defendant appeals. We reverse.

Sometime in the summer of 1964, plain-tiff, a mass producer of precut structures, entered into a contract with defendant, un-der which the former agreed to build a house for the latter.

Shortly thereafter, before work had com-menced, plaintiff was advised to the effect defendant elected to terminate the agree-ment. Subsequently plaintiff commenced the action now before us for loss of profits.

This appeal focuses upon exhibits 10 and 11, conceded to be copies of a third party supplier's price lists for rough and finish-ed lumber respectively.

During trial the court permitted Robert Sandler, president of U. S. Homes, to use these controverted exhibits in aid of his testimony on behalf of plaintiff, then al-lowed their introduction in evidence, all over defendant's timely, "not the best evi-dence" and "no foundation", objections.

Sandler testified the original lists were readily available, and from his own per-sonal knowledge the copies had been pre-pared as requested by him.

Reduced to bare essentials the sole er-ror relied on by defendant in support of a reversal is trial court erred in permitting evidentiary use of those exhibits identified above.

I. This court had occasion to deal with what is commonly known as the "best evidence" rule in Lende v. Ferguson, 237 Iowa 738, 746, 23 N.W.2d 824, where we quoted with approval the definitive mean-ing given that term in 20 Am.Jur., Evi-dence, section 403.

 But the quotation there set forth has since been replaced by this more com-prehensive definition: "It is an elementary principle of the law of evidence that the best evidence of which the case in its na-ture is susceptible and which is within the power of the party to produce must always

be adduced in proof of every disputed fact. Evidence cannot be received which indicates on its face that it is secondary—that is, merely substitutionary in its nature—and that the original source of information is in existence and accessible. This rule does not purport to include the substitution of weaker for stronger evidence, which any litigant has the right to decide for himself; it only comprehends a situation where the evidence offered is clearly substitutionary in its nature, although directed to the same issue as the original evidence which is withheld. Expressed differently, the rule that the best evidence must be produced which the nature of the case admits means, not that the courts require the strongest or most cogent evidence, but that no proof shall be admitted which from its character presupposes greater or better evidence in the possession of such party, without an adequate explanation for such practice. The underlying purpose of the best evidence rule is the prevention of fraud." 29 Am.Jur.2d, Evidence, section 448, pages 508–509.

■ Also as stated in 29 Am.Jur.2d, Evidence, section 449, at page 511: " * * the rule excludes testimony designed to establish the terms of a document, and requires the document's production instead, but does not exclude testimony which concerns the document without aiming to establish its terms."

With regard to the foregoing see also Rubin Bros. Butter & Egg Co. v. Larson, 245 Iowa 741, 744–745, 63 N.W.2d 908; Williams v. Heath, 22 Iowa 519, 521; Jones on Evidence, Fourth Ed., sections 199, page 383, and 229, page 442; McCormick, Treatise on Evidence, sections 195–197, pages 408–410; Wigmore on Evidence, Third Ed., sections 1177–1179; and 32A C.J.S. Evidence § 813, page 154.

In the case now before us it appears plaintiff deemed exhibits 10 and 11 material to a determination of the damages sought by it, attempted to establish evidentiary use of their terms or contents for such purpose, and primary evidence was available but not produced.

■ Defendant's "not the best evidence" objections relative to these challenged exhibits should have been sustained.

II. By reason of the fact this case must be resultantly reversed, some additional facets of the subject at hand should be considered.

By way of exclusion, we are not here dealing with the refreshing of a witness' memory when counsel is caught by surprise, as in Breeding v. Reed, 253 Iowa 129, 134–136, 110 N.W.2d 552, and State v. Billberg, 229 Iowa 1208, 1216–1218, 296 N.W. 396.

Neither is this court now concerned with ordinary course of business records. Code section 622.28, and McCormick, Treatise on Evidence, sections 281–290, pages 596–613. Nor is past recollection recorded involved in the case at bar. 28 Iowa L.Rev. 530–539; McCormick, Treatise on Evidence, sections 276–280, pages 590–595; and 98 C.J.S. Witnesses § 360(b), page 97.

But there still remains for consideration the use, by a witness, of memoranda to refresh present memory.

With regard to the practically unlimited ramifications attendant upon present recollection revived, many authorities have seemingly adopted conflicting views. See 98 C.J.S. Witnesses §§ 357–363, pages 80–103; 58 Am.Jur., Witnesses, sections 584–608, pages 326–339; and Annos. 82 A.L.R. 2d 473.

III. Be that as it may this court has established some pertinent and relatively definite guidelines.

■ We held in Wilbur v. Buckingham, 153 Iowa 194, 196–197, 132 N.W. 960, any document, regardless of authorship, including manufacturer's catalogues and supplier's price lists, may be employed to re-

vive present memory. See also 98 C.J.S. Witnesses § 358(d), page 91.

■ With reference, however, to use of copies for such purpose, the generally accepted rule is thus stated in 98 C.J.S. Witnesses § 359, pages 93–94: " * * * it has been held that *it is not permissible for a witness to testify or refresh his recollection from a copy of, or notes made from, an original record or memorandum, as where it is possible to produce the original writing,* the witness never had personal knowledge of the subject matter of the original writing, the secondary writing does not relate to matters to which the witness is asked to testify, the original was not made by the witness, the copy is established by incompetent testimony, it is not shown by whom the copy was made, or the witness does not know the copy to be correct." (Emphasis supplied)

To the extent here relevant this is, in essence, the "best evidence" rule, supra.

And, as aforesaid, the witness Sandler conceded ready availability of the original lists from which the controverted reproductions had been made.

That means, under existing circumstances, there was a total absence of justification for plaintiff's use of copies in lieu of the original price lists. Upon this premise, as in Division I, supra, defendant's "not the best evidence" objections should have been sustained.

■ IV. Additionally, this court held in Williams v. Stroh Plumbing & Elec., Inc., 250 Iowa 599, 605, 94 N.W.2d 750, a witness should not be allowed to see or use a memorandum, as a present memory refresher, unless and until it appears he is unable to testify without it.

■ Furthermore, Shepherd v. McGinnis, 257 Iowa 35, 48–49, 131 N.W.2d 475, discloses that as to either present or past recollection, no witness should be allowed to testify regarding any facts in the absence of a showing he ever had personal knowledge of the matter involved. See also 98 C.J.S. Witnesses § 359, pages 93–94, quoted supra.

An examination of the record discloses plaintiff failed to establish the requisite foundational basis for use by Sandler of any memorandum, original or otherwise, in that there is absent proof of essentiality, or that the witness had personal knowledge of the matter involved.

■ On the other hand, defendant's "no proper foundation" objections were so lacking in that specificity required as to now deprive him of any cause for complaint. In State v. Entsminger, Iowa, 160 N.W.2d 480, 482–483, a like objection was made relative to admission in evidence of several documents and we there said: "Of course, reversible error may not be predicated upon this general objection that no proper foundation had been laid for admission of these exhibits. A party objecting to the offer of evidence for this reason must point out in what particular or particulars the foundation is deficient so the adversary may have an opportunity to remedy the alleged defect, if possible. See Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 1263, 30 N.W.2d 97, 103; Frederick v. Shorman, 259 Iowa 1050, 1060–1061, 147 N.W.2d 478, 485; In re Estate of Ronfeldt, Iowa, 152 N.W.2d 837, 846; and McCormick on Evidence, section 52."

And see Deaver v. Armstrong Rubber Co., Iowa, 170 N.W.2d 455, 465, and 88 C.J.S. Trial § 125, page 254.

V. Incidentally, the apparent present day majority view is that if memoranda be used by a witness to refresh present memory then the witness alone speaks and the instrument is not admissible in evidence. But if used to establish past recollection recorded then the instrument speaks and, on proper foundation, it may be admitted in evidence. See in this regard Jaeger v. Hackert, 241 Iowa 379, 382–384, 41 N.W. 2d 42; State v. Easter, 185 Iowa 476, 479–481, 170 N.W. 748; State v. Little, 57

**406**

Wash.2d 516, 358 P.2d 120, 122; 3 Wigmore on Evidence 65, section 735; McCormick, Treatise on Evidence, pages 593–594; 98 C.J.S. Witnesses § 358 (b), (c), pages 85–89; and 58 Am.Jur., Witnesses, sections 607–608, pages 337–339.

VI. Our holdings in Divisions I and III of this opinion to the effect defendant's "not the best evidence" objections regarding exhibits 10 and 11 should have been sustained compel the conclusion, trial court erred to defendant's prejudice in permitting their use and introduction in evidence.

Reversed and remanded for a new trial.

All Justices concur.